94 N.J. Super. 315 (1967)
228 A.2d 99
UNION CARBIDE CORPORATION, PLAINTIFF,
v.
LITTON PRECISION PRODUCTS, INCORPORATED, AND PHILLIP V. VITTORIO, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 21, 1967.
*316 Messrs. Pitney, Hardin and Kipp, attorneys for plaintiff (Mr. Frank C. O'Brien appearing).
Messrs. Lowenstein and Spicer, attorneys for defendants (Mr. Murray D. Brochin, appearing).
MATTHEWS, J.S.C.
Plaintiff moved for and was granted a voluntary dismissal of the within action without prejudice. Defendant Litton does not object to the dismissal except as the same will be without prejudice, unless costs and counsel fees are awarded therewith.
Plaintiff instituted this action, seeking to enjoin the employment of defendant Vittorio by defendant Litton on the ground that Vittorio was in a position to disclose to Litton certain trade secrets connected with the production of laser crystals. An ex parte injunctive order issued on the application of plaintiff, and thereafter on two days' notice, defendant moved for a dissolution thereof. On the return day the application for dismissal was treated as an application for an interlocutory injunctive order. Testimony was taken and extensive argument presented by counsel. At the conclusion of the proceedings I rendered an informal opinion which, in substance, indicated that while plaintiff probably had a trade secret, Vittorio was, in my judgment, incapable of understanding the nature of the same so as to enable him *317 to communicate its features to his new employer. Application for leave to appeal my decision was denied by the Appellate Division.
Litton now contends that I should permit plaintiff to withdraw its action only on condition that it reimburse defendant for reasonable counsel fees expended. As authority for such a proposition it relies on Burke v. Central Railroad Co. of N.J., 42 N.J. Super. 387 (App. Div. 1956); Vargas v. A.H. Bull Steamship Co., 25 N.J. 293 (1957); Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2 Cir. 1953), certiorari denied 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). See also R.R. 4:42-1(b).
R.R. 4:42-1 (b) is identical to Rule 41 (a)(2) of the Federal Rules of Civil Procedure. It has been adopted to protect a defendant from the duplication of the normal costs of litigation. The evil aimed at by the rule "is present in any instance in which a defendant is damaged by being dragged into court and put to expense with no chance whatever (if there is a dismissal without prejudice) of having the suit determined in his favor." McCann v. Bentley Stores Corporation, 34 F. Supp. 234 (W.D. Mo. 1940). The obvious purport of our rule is to protect a litigant where a termination of the proceedings without prejudice will place him in the probable position of having to defend, at additional expense, another action based upon similar charges at another time.
In this action plaintiff was permitted to withdraw and take a dismissal on the condition that no subsequent action based on the subject matter involved here would be instituted, accompanied by an application for ex parte relief. Plaintiff has indicated on the record that any subsequent cause of action between these parties would be based on such events that might develop as would show that Vittorio had in fact disclosed information to Litton with respect to the secret found probably to be possessed by plaintiff. Plaintiff has accepted as final the determination by this court that it was not inevitable that Vittorio would disclose its trade secrets and, therefore, *318 was free to work for Litton. Under such circumstances, it cannot be said that a subsequent action would involve Litton with the expenditure of duplicate counsel fees in litigating the same issue.
In Burke v. Central Railroad Co. of N.J., supra; Vargas v. A.H. Bull Steamship Co., supra; Allegro v. Afton Village Corp., 9 N.J. 156 (1952), and New Jersey Highway Authority v. Renner, 32 N.J. Super. 197 (App. Div. 1954), affirmed 18 N.J. 485 (1955), it was apparent that the causes of action therein instituted were not at an end, and that the issues originally raised would probably continue to be litigated.
In view of the foregoing, defendants' application for counsel fee as a condition for a dismissal without prejudice is denied.