103 N.J. Super. 175 (1967)
246 A.2d 757
RUTH GITTLEMAN AND MEYER GITTLEMAN, PLAINTIFFS-APPELLANTS,
v.
CENTRAL JERSEY BANK AND TRUST COMPANY, AS SURVIVING EXECUTOR OF THE ESTATE OF MORTON F. TRIPPE, M.D. DECEASED, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1967.
Decided September 28, 1967.
*176 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. William J. Gearty argued the cause for plaintiffs-appellants.
Mr. James D. Carton III argued the cause for defendant-respondent (Messrs. Carton, Nary, Witt & Arvanitis, attorneys, Mr. Robert V. Carton, on the brief).
*177 PER CURIAM.
Plaintiffs in this medical malpractice suit appeal from a judgment of dismissal entered by the trial court at the termination of their case. Plaintiffs primarily contend that the court erred in excluding the testimony of their medical expert, Dr. Robert J. Mulvaney, and in denying their motions for a mistrial and for a new trial.
The complaint herein was filed on October 24, 1964. Trial was originally set for September 13, 1966, but was adjourned and set down peremptorily for September 26, 1966.
Plaintiffs in response to an appropriate interrogatory had advised defendant on August 20, 1965 that their medical expert witness would be Dr. Emanuel Josephson. On September 20, 1966, six days before trial, plaintiffs sent defendant's counsel a letter, received the next day, wherein they "informally" amended the above noted answer by adding, as an additional medical expert witness, the name of Dr. Robert J. Mulvaney, "a licensed practicing physician practicing internal medicine."
Trial commenced on the scheduled date, and on the second day thereof, plaintiffs called Dr. Mulvaney as a witness. After he answered one preliminary question as to his qualifications, defendant objected to any further testimony from him and moved that he be excluded as a witness. Following lengthy argument, the trial court sustained defendant's objection and excluded Dr. Mulvaney from testifying. Plaintiffs immediately moved for a mistrial on the ground that they could not complete their case. This motion was likewise denied. Plaintiffs offered some routine exhibits and "of necessity" rested. Thereupon, defendant moved for a judgment of involuntary dismissal asserting that there was no proof of a casual connection between the plaintiff wife's claimed physical condition and the defendant's alleged negligence. This motion was granted. Thereafter, plaintiffs moved for a new trial, which motion was denied.
Plaintiffs' counsel in an affidavit filed in connection with the motion for a new trial states that, eight days before trial, he "formed the professional judgment that the best interests *178 of the plaintiffs' case would not be served by calling Dr. Josephson." He further states that, on September 20, 1966, he made arrangements to have Dr. Mulvaney testify and that he immediately forwarded the aforementioned amended answer to defendant's attorney.
Plaintiffs contend that under R.R. 4:23-12 an amendment may be made to answers to interrogatories within twenty days prior to trial "for extraordinary or compelling reasons" and that the necessity for the change of an essential expert witness is such an "extraordinary or compelling" reason. However, the record is devoid of any explanation of the basis of the determination by counsel "that the best interest of plaintiffs' case would not be served by calling Dr. Josephson." Nor do we find any reason why this determination was not made earlier than six days before trial.
Further, it is to be noted that the letter amendment did not state that there was to be a substitution in medical experts. Rather, it indicated that both doctors were to be called.
Defense counsel asserts that it was impossible to make an adequate check on the background and qualifications of Dr. Mulvaney within five days, particularly since a week-end was included therein.
The trial judge determined that the situation was governed by R.R. 4:23-12 and that, although he had authority to relax the rules, he would not do so. In reaching this conclusion, he considered that the witness involved was a key medical witness and that defendant was entitled to an opportunity to investigate his qualifications which it could not adequately do within five days. He further noted that no request for an adjournment was made by plaintiffs' counsel.
We do not find that defense counsel was under any obligation to notify his adversary that he objected to the late attempt to amend the answer to interrogatories. He had the right to rely upon compliance with the rules.
Under the totality of the circumstances here present, we find that the trial court did not abuse its discretion in excluding *179 Dr. Mulvaney from testifying and in denying plaintiffs' motions for a mistrial and for a new trial.
In reaching this conclusion we emphasize that in reviewing the exercise of discretion it is not the appellate function to decide whether the trial court took the wisest course, or even the better course, since to do so would merely be to substitute our judgment for that of the lower court. The question is only whether the trial judge pursued a manifestly unjust course. As we have indicated, we cannot say that he did.
Plaintiffs' contention that the trial court erred in refusing to admit three bottles of pills in evidence is without merit. They were excluded because there was no proof of a causal connection between them and plaintiff wife's alleged injuries.
Judgment affirmed.
SULLIVAN, S.J.A.D. (dissenting).
I agree that the eleventh hour letter amendment of the answer to interrogatories adding the name of Dr. Mulvaney as an expert witness was contrary to R.R. 4:23-12. However, after receiving the letter, defendant's counsel gave no indication that he was objecting to the amendment, and plaintiffs' attorney commenced the trial under the assumption that he would be permitted to use Dr. Mulvaney as his expert witness. Having committed himself to trial, he ascertained for the first time that his right to call Dr. Mulvaney, on whose testimony plaintiffs' entire case rested, was being challenged by defendant on the grounds that the letter was received within twenty days of trial.
Assuming that defendant's counsel needed more time to investigate Dr. Mulvaney's background, it seems to me that justice would better have been served by either granting plaintiffs' motion for a mistrial, or granting plaintiffs' subsequent motion for a new trial.
I would reverse and remand for a new trial.