163 N.J. Super. 455 (1978)
395 A.2d 218
EVELYN BIDDLE, PLAINTIFF,
v.
DONALD BIDDLE AND MARIA O. AMAYA, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 20, 1978.
*457 Mr. Edward P. Kozmor for plaintiff.
Mr. Gerard C. Gross for defendant Biddle, affirmatively.
Mr. James P. Savio for defendant Biddle, defensively (Messrs. Lloyd, Megargee, Steedle and Connor, attorneys).
Mr. Mark Soifer for defendant Amaya (Messrs. Horn, Kaplan, Goldberg & Gorny, attorneys).
GIBSON, J.C.C. (temporarily assigned).
This is an automobile negligence action in which codefendant has filed a crossclaim for his own personal injuries arising out of the same accident which forms the basis of plaintiff's complaint. Although the claim was filed beyond the two-year statute of limitations, crossclaimant argues that it was timely in view of R. 4:7-5 which permits the filing of crossclaims "as of right" within 90 days of service of the summons and complaint. The codefendant against whom the claim was filed asserts that the limitation period is not extended by the rule and now moves for summary judgment. R. 4:46-1. Raised by this motion is a question of construction which has not heretofore been dealt with by any reported decision of our courts.
The parties agree that the material facts are not in dispute and accordingly they may be summarized as follows: On December 15, 1975 plaintiff Evelyn Biddle was a passenger in a vehicle being operated by her husband Donald. Their car collided with a second vehicle then being operated by Maria O. Amaya. As a result of the injuries she sustained Mrs. Biddle filed suit on October 27, 1977, joining both her husband and Ms. Amaya as codefendants. Her husband was served on November 2, 1977 and an answer and crossclaim *458 for contribution was filed in his behalf on December 22, 1977. On February 3, 1978 Mr. Biddle filed a second crossclaim against Ms. Amaya, this time for his own personal injuries.
Pursuant to N.J.S.A. 2A:14-2 personal injury actions must be filed within two years from the date upon which they accrue  in this case December 15, 1975. Plaintiff's claim was filed within the time period permitted but the answer and initial crossclaim for contribution by Mr. Biddle came just after the statute ran.[1] The second crossclaim, the one in question here, was filed approximately six weeks later. Although the statute had obviously run, the 90-day period provided for filing crossclaims had not. R. 4:7-5 reads in part as follows:
(a) Cross-claim. Except as otherwise provided by R. 4:67-4 (summary actions), a pleading may state as a cross-claim any claim by one party against a co-party, * * *

* * * * * * * *
(c) Time for Assertion. Cross-claims may be asserted by any defendent as of right within 90 days after service of the complaint upon the party against whom the cross-claim is asserted, whichever is later. A cross-claim may be thereafter asserted only by leave of court, which shall be freely given * * *.
The comments to subsection (c) indicate that the rule was intended "to avoid protraction of the pretrial discovery period and delay of trial, while at the same time giving defendants sufficient opportunity to assess their positions and determine the appropriateness of filing a crossclaim." Pressler, 1978 N.J. Court Rules, Comment to R. 4:7-5 at *459 600. There is nothing either in the body of the rule or in the comment to suggest any intention to provide an exception to the statutory limit to filing such a claim.
The matter is complicated, however, by what might be considered to be plaintiff's "late filing" plaintiff and the exceptions to the statute that have been applied in similar cases involving counterclaims. For example, although there is a division of authority, many jurisdictions take the position that the commencement of a tort action tolls the statute of limitations with respect to relief or claims for damages arising out of the same accident or incident and sought by the defendant by filing a counterclaim or similar pleading. See Annotation, "Tort Counterclaim-Statute of Limitations," 72 A.L.R.3d 1065 (1976); 51 Am. Jur.2d, "Limitation of Actions", § 203 (citing this view as representing "the weight of authority"). This exception to the running of the statute is justified on the basis that a contrary holding would encourage many plaintiffs with weak claims to file on the last day to avoid legitimate counterclaims. Annotation, 72 A.L.R.3d, supra at 1067.
The New Jersey cases which have faced this issue have applied the above doctrine only to those pleadings which have been defensive in nature as opposed to those seeking affirmative relief. For example, in Gibbons v. Kosuga, 121 N.J. Super. 252 (Law Div. 1972), plaintiffs, purchasers of land, sued defendants for breach of warranty. Defendants counterclaimed on notes which were given by plaintiffs as part of the purchase price but were then barred by the statute of limitations. The court dismissed the counterclaim insofar as it sought affirmative relief but permitted the use of the notes as a recoupment against the amount due plaintiff. A similar result was reached in Atlantic City Hospital v. Finkle, 110 N.J. Super. 435 (Cty. Ct. 1970). In that case plaintiff hospital sued for services rendered and defendant counterclaimed for personal injuries allegedly resulting from plaintiff's breach of warranty. Although pled outside the statute of limitations, Judge Horn permitted the counterclaim *460 as a recoupment,[2] holding that since it was not barred at the commencement of plaintiff's action, it did not become so thereafter.
Regardless of the approach taken, the above exceptions to the statutory bar do not justify the claim sought here. Firstly, the claims allowed above were counterclaims, not crossclaims; and contrary to the suggestion by the crossclaimant, the distinction is significant. A crossclaim for personal injuries is not defensive in nature. Secondly, even in those jurisdictions which hold that the commencement of the action tolls the statute of limitations, such tolling "does not apply as to cross actions against co-defendants * * *." 72 A.L.R.3d, supra at 1068. In short, the theories used to justify the "tolling" of the statute or the defensive nature of a counterclaim do not apply to crossclaims.
Counsel for the crossclaimant argues that there is no legitimate basis for barring this claim since there is no prejudice to codefendant in that she is not facing a new cause of action but rather the same cause, asserted by a different party. In a somewhat different but analogous setting, this argument was considered by our Supreme Court and rejected. McGlone v. Corbi, 59 N.J. 86 (1961). There, one of the plaintiffs in a multi-car accident sought to join a third-party defendant as an original defendant, as had previously been done by another plaintiff. Despite the argument that there was "no prejudice" to defendant, it having already been joined and therefore "on notice" of all potential claims, the court denied the claim as being barred by the statute of limitations.
It is significant that the court in McGlone dealt with an amendment to the pleadings since, in certain instances, R. 4:9-3 specifically permits amendments to *461 relate back to the original pleading, thereby avoiding the statute of limitations. This rule, however, does not authorize the pleading of a new cause of action otherwise barred by the statute. See Pressler, N.J. Court Rules, supra at 607. Normally, the difficulty lies in defining what constitutes a new cause of action. Ibid. Regardless of what test is used, however, Mr. Biddle's claim for personal injuries is clearly not the same cause of action as the previous claim for contribution, nor is it the same cause as his wife's claim for her own injuries. Moreover, relating this pleading back to the initial answer would still place it outside the statute of limitations. McGlone v. Corbi, supra. See also Giambuttista v. Bradlees Inc., 130 N.J. Super. 381 (Law Div. 1974), where the court, in dealing with a counterclaim for personal injuries asserted by way of amendment rather than in the original answer, disallowed the claim as being barred by the statute of limitations. It emphasized that the claim was assertive rather than defensive in nature and therefore distinguishable from the previously cited cases of Gibbons v. Kosuga and Atlantic City Hospital v. Finkle.
In summary, it can be said that under certain conditions a responsive pleading may assert a claim which would otherwise be barred by the statute of limitations. That pleading, however, may only be defensive in nature (such as recoupment). There is also clear authority, both by rule and case law, for permitting amendments to pleadings after the running of the statute where such an amendment does not state a new cause of action. On the other hand, there is no justification, either under the above doctrines or elsewhere, for permitting a defendant to plead a crossclaim, otherwise barred, when that claim constitutes a new cause of action which is clearly affirmative in nature. Nothing in the body or the history of R. 4:7-5 dictates a contrary result, nor should it be read to do so. This conclusion is particularly compelling here where the crossclaimant is the plaintiff's husband. Mr. Biddle was no stranger to his *462 wife's decision to file suit or its timing. That decision cannot now be used as a basis for extending the life of his own personal injury claim against the codefendant. Summary judgment is granted.
NOTES
[1] Although the crossclaim for contribution was also filed outside the two-year period, such a claim is not barred by the statute since it is held not to arise unless and until plaintiff recovers a judgment against the asserting defendant. See Annotation, "Running of a statute of limitations against claim for contribution or indemnity based on tort," 20 A.L.R.2d 925 (1951); Cooper v. Philadelphia Dairy Products Co., 34 N.J. Super. 301 (Law Div. 1955).
[2] As to the distinction between recoupment and set-off see Gibbons v. Kasuga, supra at 257, citing from 20 Am. Jur.2d, "Counterclaim Recoupment and Set-Offs," § 11 (1965).