244 N.J. Super. 254 (1990)
581 A.2d 1372
MACK AUTO IMPORTS, INC., PLAINTIFF-APPELLANT,
v.
JAGUAR CARS, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 10, 1990.
Decided November 7, 1990.
*255 Before Judges MICHELS and D'ANNUNZIO.
Theodore Sager Meth argued the cause for appellant (Meth & Woehling, attorneys).
*256 Douglas C. Fairhurst, of the New York bar, admitted pro hac vice, argued the cause for respondent (Townley & Updike, and Stoldt & Horan, attorneys).
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
Plaintiff Mack Auto Imports, Inc., an authorized dealer of Jaguar cars, commenced this action against car-maker Jaguar Cars, Inc. by filing a complaint in the New Jersey Superior Court, Chancery Division on September 14, 1987. Plaintiff alleged, inter alia, that defendant Jaguar, by limiting plaintiff's supply of cars, had violated the New Jersey Franchise Practices Act, N.J.S.A. 56:10-1 et seq., had breached the parties' franchise agreement's implied covenant of good faith, and had wrongfully interfered with plaintiff's business. Jaguar denied these allegations by answer filed on October 9, 1987. Preliminary discovery immediately ensued with plaintiff's service of a notice to produce documents on October 27, 1987 and interrogatories on November 15, 1987.
Apparently dissatisfied with the information obtained in discovery, plaintiff moved on several occasions to compel defendant to provide certain original documents and other information. The court denied plaintiff's motion.
Discovery not having proceeded as plaintiff thought it should, plaintiff moved on September 28, 1989 to stay or adjourn the proceeding or in the alternative to dismiss the action without prejudice and without costs. On or about the same date, plaintiff filed a complaint against defendant in the United States District Court, District of New Jersey, pursuant to 15 U.S.C.A. § 1222, which creates a cause of action in favor of dealers against automobile manufacturers who "fail to act in good faith." The trial court denied plaintiff's motion to dismiss but granted plaintiff's request to amend its complaint. Plaintiff filed an amended complaint on November 1, 1989.
*257 Thereafter, deeming its discovery inadequate to properly prepare and present its case and in an attempt to establish the required finality to appeal adverse discovery orders, plaintiff advised the court that it voluntarily accepted dismissal of the action with prejudice. The court honored plaintiff's request by order dated November 30, 1989 which included a clause preserving plaintiff's right to appeal.[1] Plaintiff filed a timely notice of appeal from the dismissal order.
On appeal plaintiff contends that the trial court "erroneously precluded plaintiff's discovery" and "erroneously refused to dismiss plaintiff's action without prejudice or alternatively to stay the proceedings."
We conclude that plaintiff may not appeal the adverse discovery orders. Discovery is provided to prepare for trial. In light of plaintiff's dismissal of its complaint, there will be no trial. Thus, the discovery issues are moot.
Moreover, plaintiff, in its brief, concedes that the voluntary dismissal was designed "to perfect appellate finality as to the items of discovery...." We perceive this maneuver to constitute an evasion of the rule against interlocutory appeals, R. 2:2-4, and an attempt to avoid our previous denial of plaintiff's motion for leave to appeal the trial court's order denying additional discovery.
Our ruling is consistent with Winberry v. Salisbury, 5 N.J. 240, 255, 74 A.2d 406 (1950) (an order consented to by the attorneys for each party is not appealable) and Zinkerman v. Taft Stores, 30 N.J. Super. 322, 324, 104 A.2d 617 (App.Div. 1954) (consent judgment of dismissal with prejudice entered upon plaintiff's application is not appealable). See also Empire Volkswagen Inc. v. World-Wide Volkswagen Corp., 814 F.2d *258 90, 94 (2d Cir.1987) (cause of action terminated by voluntary dismissal with prejudice cannot be reinstated by appeal, but grant of summary judgment terminating other causes of action prior to dismissal may be appealed).
However, the trial court's decision denying a dismissal without prejudice stands on a different footing and may be appealed. Under R. 4:37-1(b), plaintiff may voluntarily dismiss an action after a defendant has filed a responsive pleading "only by leave of court and upon such terms and conditions as the court deems appropriate." Whether such a dismissal is with prejudice or without prejudice is one of the terms a court may impose in the exercise of its sound discretion. Though a voluntary dismissal terminates the action and may not be appealable so as to reinstate what has been voluntarily terminated, Winberry, Zinkerman and Empire Volkswagen, Inc., supra, the terms of the dismissal order are appealable. See Burke v. Central Railroad Co. of N.J., 42 N.J. Super. 387, 398, 126 A.2d 903 (App.Div. 1956) (dismissal without prejudice affirmed on defendant's appeal); cf. Vargas v. A.H. Bull Steamship Co., 25 N.J. 293, 296, 135 A.2d 857 (1957) (trial court had discretionary power to award counsel fees to plaintiff as condition of grant of defendant's motion to dismiss on the ground of forum non conveniens), cert. denied, 355 U.S. 958, 78 S.Ct. 545, 2 L.Ed.2d 534 (1958); Fehnel v. Fehnel, 186 N.J. Super. 209, 217, 452 A.2d 209 (App.Div. 1982) (reversed requirement that plaintiff pay counsel fees if action reinstituted after voluntary dismissal without prejudice).[2]
*259 In the present case, plaintiff submitted the order of dismissal with prejudice after the court denied its motion to dismiss without prejudice. Plaintiff's appeal of that denial, if successful, will merely alter a condition of the dismissal order, preserving the cause of action for future assertion[3] but not reinstating it. Moreover, if the rule were otherwise, and plaintiff was not permitted to appeal, denial of a dismissal without prejudice would be shielded from appellate review unless a plaintiff attempted to proceed on the merits.
We conclude that the trial court should have dismissed without prejudice and imposed on plaintiff all the counsel fees incurred by defendant in this action. Not to have done so constituted a mistaken exercise of discretion.
Plaintiff had commenced a separate action in a federal court asserting a federal cause of action under 15 U.S.C.A. § 1222, which it could not have asserted in State court. Plaintiff was also attempting to assert in the federal action, under federal pendent jurisdiction, the claims he had asserted in the State court.[4] The claims were related and it was sensible and efficient to combine them in one jurisdiction: the federal court. Except for the effort and expense in defending the dismissed State action, we perceive no prejudice to defendant from a dismissal without prejudice. On the other hand, a dismissal with prejudice may have a preclusive effect in the federal court under principles of res judicata and collateral estoppel.
*260 A court may impose counsel fees as a condition of a voluntary dismissal. Fehnel, supra, 186 N.J. Super. at 214, 452 A.2d 209; see Union Carbide Corp. v. Litton Pres. Prods., Inc., 94 N.J. Super. 315, 317, 228 A.2d 99 (Ch.Div. 1967). In the present case defendant incurred counsel fees defending this action. It will have to duplicate its effort in the federal action. Consequently, we conclude that plaintiff must reimburse defendant for the reasonable and necessary counsel fees expended in this case.
We vacate the order dismissing this action with prejudice. We remand the matter for entry of an order dismissing without prejudice and for a determination of defendant's counsel fees which plaintiff shall pay within a time fixed by the trial court.
NOTES
[1] The order provided in part:

Plaintiff shall be deemed to have preserved for appellate purposes its contentions of error in regard to the interlocutory orders of this Court in this proceeding.
[2] In Fehnel, plaintiff had voluntarily moved to dismiss her divorce complaint after the trial court denied plaintiff's motion for adjournment. We determined that the trial court erred in requiring plaintiff, as a condition of the dismissal, to pay defendant a $2,000 counsel fee as a prerequisite to refiling the action. In doing so, we went behind the dismissal order to evaluate the denial of an adjournment. We stated that "if the adjournment motion were properly denied, there was no impediment to the imposition of the [counsel fee] condition...." 186 N.J. Super. at 214, 452 A.2d 209. We ruled that the trial court had mistakenly exercised its discretion in denying an adjournment. The adjournment issue precipitated the voluntary dismissal. The Fehnel panel reviewed the adjournment issue to evaluate a term of the dismissal order and not for the purpose of vacating the dismissal and reinstating the action. To the extent that Fehnel is inconsistent with our approach in the present case, we disagree with it.
[3] Subject, of course, to applicable statutes of limitation and other defenses.
[4] See generally 3A J. Moore, J. Desha Lucas & G. Grotheer, Jr., Moore's Federal Practice § 18.07 (2d ed. 1990) (for an explanation of federal pendent jurisdiction).