59 A.3d 1096

MEGAN BURNS AND JOSEPH NIEVES, PLAINTIFFS–RESPON-
DENTS, v. HOBOKEN RENT LEVELING & STABILIZATION
BOARD, DEFENDANT–RESPONDENT, AND BLOOMFIELD 206
CORPORATION, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 19, 2012—Decided February 6, 2013.

438

Before Judges MESSANO [1], LIHOTZ and OSTRER.

*Sean A. Smith* argued the cause for appellant (*Brach Eichler, LLC,* attorneys; *Charles X. Gormally,* of counsel; *Mr. Smith,* on the brief).

*Cathy C. Cardillo* argued the cause for respondents *Megan Burns* and *Joseph Nieves* (*Ms. Cardillo,* of counsel and on the brief).

Respondent *Hoboken Rent Leveling & Stabilization Board* has not filed a brief.

The opinion of the court was delivered by

---

[1] Judge Messano did not participate in oral argument. He joins the opinion with counsel's consent. *R.* 2:13–2(b).

LIHOTZ, J.A.D.

Defendant Bloomfield 206 Corporation (Bloomfield) appeals from the denial of its motion to vacate a stipulation of dismissal filed by plaintiffs Megan Burns and Joseph Nieves in this prerogative writ action (PWA). Plaintiffs are tenants in a building owned by Bloomfield. Plaintiffs initially filed the PWA to challenge an upward modification of plaintiffs' rent granted by defendant, the Hoboken Rent Leveling & Stabilization Board (the Board), because it permitted consideration of rent decontrols claimed by Bloomfield. In the course of the litigation, plaintiffs and the Board agreed to dismiss the PWA. Bloomfield was not made a party to the stipulation and objected to the voluntary dismissal. Bloomfield also sought to file a proposed cross-claim against the Board, seeking remand to reconsider the permissible base rent calculation in light of recently adopted amendments to the municipal rent ordinance.

Although we conclude the trial judge's denial of Bloomfield's motion to vacate the stipulation of voluntary dismissal was error because the stipulation failed to conform to requirements set forth in *Rule* 4:37–1(a), the error was harmless as the judge considered and granted plaintiffs' cross-motion to dismiss the PWA with prejudice, pursuant to *Rule* 4:37–1(b). Accordingly, we affirm the order dismissing this action with prejudice.

These facts are taken from the motion record. Plaintiffs reside in a rent-controlled apartment in a building owned by Bloomfield. After learning the property was subject to the municipal rent-control ordinance, plaintiffs "decided to inquire whether or not [their] rent was legal, and filed for a Legal Rent Calculation on May 26, 2010."

On June 28, 2010, a Hoboken Rent Regulation Officer issued a "Legal Rent Calculation," which showed the legal base monthly rent for plaintiffs' apartment, as of May 1, 2007, was $669, not the $1,550 charged by Bloomfield pursuant to their lease. Bloomfield appealed from that determination to the Board, arguing the issued rent calculation omitted three applicable vacancy decontrols,

which, if applied, would increase plaintiffs' lawful base rent.[2] Plaintiffs filed opposition to Bloomfield's appeal, asserting the rent control officer and the Board arbitrarily allowed Bloomfield to apply vacancy decontrols in violation of the municipal rent ordinance and, specifically, erred in permitting the use of late-filed vacancy decontrol certificates, some of which were as many as fifteen to twenty years old. After its review, the Board concluded Bloomfield was entitled to credit for one additional vacancy decontrol, but denied use of the other two. The Board recalculated plaintiffs' base rent as $944 per month. As required by the municipal rent ordinance, the Board approved a resolution stating its findings, which was mailed to the parties. Bloomfield did not file an appeal from the Board's final determination.

Plaintiffs filed this PWA against the Board and Bloomfield, alleging the Board's grant of decontrols violated the municipal rent ordinance, various court directives and orders, and the Board's own regulations. Plaintiffs sought to "overturn the [Board's] ultra vires grant of decontrols, and restore their rent to that actually defined by 'clear and unambiguous' language of the [o]rdinance." They contended the Board should restore the June 28, 2010 legal base rent determination made by the rent regulation officer.

Also, using the initial June 28, 2010 rent calculation, plaintiffs filed a separate complaint alleging Bloomfield violated New Jersey's Consumer Fraud Act (CFA), *N.J.S.A.* 56:8–1 to –195. Plain-

---

[2] A "[p]artial or total vacancy decontrol" allows a landlord relief, permitting "a rent increase of a given amount (e.g., 25% over the previous rent) upon the vacation of a unit." 23A *New Jersey Practice, Landlord and Tenant Law* § 50.11, at 512 (Raymond I. Korona) (rev. 5th ed.2001). The use of "a vacancy decontrol is contingent upon the presentation of proof that the last tenant moved voluntarily or by court order." *Ibid.* Moreover, this relief is limited and only may be invoked periodically, so as to restrict its potential for abuse and "prevent harassment and mistreatment of tenants to generate vacancies and the decontrols they permit." *Ibid.* "Most rent control ordinances also allow for annual 'automatic' rent increases in direct proportion to the consumer price index[.]" *Ibid.*

tiffs sought return of the excess rents paid, treble damages, attorney fees and costs.[3] Calculation of plaintiffs' damages in the CFA action is dependent on the amount of the legal base rent, as calculated by the Board, which formed plaintiffs' challenge in this PWA action.

While these legal actions were pending, the City of Hoboken adopted and the Mayor approved Ordinance No. Z–88 (Z–88), entitled, "An Ordinance Amending Certain Provisions of Chapter 155 of the City Code, Entitled 'Rent Control.'" Z–88 allowed landlords to more easily obtain vacancy decontrols and limited the extent to which a tenant could collect rental overcharges.

Z–88's adoption resulted after numerous lawsuits (including a class action) had been filed, and after a City Council sub-committee, appointed to provide recommendations, identified numerous substantive and procedural deficiencies in the legislative and regulatory controls of residential rents existing in Hoboken's Rent Regulation Office and the Board. However, the adoption of Z–88 was not the end of the controversy. A citizens' group successfully certified a referendum petition, resulting in a court order staying Z–88's operation until the presentation of a public question seeking the ordinance's repeal. Voters rejected the referendum in the general election so that Z–88 was implemented as the law governing rent control in Hoboken. It is undisputed the ordinance became effective on March 31, 2011.

Once the adoption of Z–88 was established, and the referendum to repeal was rejected, Bloomfield requested plaintiffs' challenge to the rent calculation be remanded to the Board. Plaintiffs objected.

Bloomfield then moved for an order "(1) remanding this matter to the ... Board for an updated rent calculation ... and (2) directing that the Board calculate the rent ... pursuant to the

---

[3] Plaintiffs' PWA and CFA actions were consolidated by the trial court, but later again separated. The two actions continued as parallel, separate proceedings.

provisions of ... Z–88[.]" Asserting Z–88 was curative and to be applied retroactively, Bloomfield also moved for leave to file a cross-claim, demanding, as against the Board:

([1]) An [o]rder declaring ... Z–88 is a curative amendment ...; ([2]) [a]n [o]rder that the subject rent calculation that gives rise to [p]laintiffs' [PWA] be remanded to the ... Board; [and] ([3]) [a]n order directing that upon remand ... Z–88 be applied to the rent calculation that gives rise to [p]laintiffs' [PWA].

Prior to the court's consideration of Bloomfield's motions, plaintiffs and the Board executed a stipulation of dismissal of the PWA. The November 21, 2011 stipulation simply provided: "This matter has been hereby stipulated and agreed, between the [p]laintiffs and [d]efendant ... Board, to dismiss the [a]ction in [l]ieu of [p]rerogative [w]rits against the Board, with prejudice and without costs, as to all counts within the [c]omplaint filed against the Board."

Bloomfield was neither informed of nor made a party to the stipulation. Upon learning a stipulation of dismissal was filed, Bloomfield moved to vacate the stipulation and continue the PWA. Bloomfield maintained the stipulation was invalid as it violated *Rule* 4:37–1(a), which allows the voluntary dismissal of an action, without court order, upon the consent of all parties who have appeared in the action. Bloomfield argued dismissal was "a tactical maneuver by plaintiff[s] to avoid a remand and a recalculation to the ... Board pursuant to the curative [o]rdinance that was recently adopted."

Plaintiffs opposed Bloomfield's motion to vacate the dismissal. They noted Bloomfield had not appealed the Board's final determination, and, therefore, the request for remand equated to an untimely and impermissible appeal of that decision. Further, plaintiffs contended Z–88's amendments were not made retroactive, and maintained court review of that question could be requested by Bloomfield in the pending CFA action. Plaintiffs also filed a cross-motion seeking a court-ordered dismissal of their PWA, with prejudice, as provided by *Rule* 4:37–1(b).

Following oral argument, the motion judge denied Bloomfield's motions to vacate the stipulation of dismissal and to file a cross-

claim. The judge granted plaintiffs' cross-motion to dismiss its complaint with prejudice. Bloomfield's appeal ensued.

A trial judge has discretion to permit supplemental pleadings, and such "discretion should be exercised to increase, not limit, the likelihood that the information before the court reflects the facts that could be adduced" at a hearing. *See, e.g., Sholtis v. Am. Cyanamid Co.,* 238 *N.J.Super.* 8, 17, 568 *A.*2d 1196 (App.Div.1989) (reviewing discretionary determination to deny late-filed supplemental certifications opposing motion request). When reviewing the trial court's exercise of discretion, we do not " 'decide whether the trial court took the wisest course, or even the better course, since to do so would merely be to substitute our judgment for that of the lower court[,]' " which is an improper course of action. *Gillman v. Bally Mfg. Corp.,* 286 *N.J.Super.* 523, 528, 670 *A.*2d 19 (App.Div.) (quoting *Gittleman v. Cent. Jersey Bank & Trust Co.,* 103 *N.J.Super.* 175, 179, 246 *A.*2d 757 (App.Div.1967), *rev'd on other grounds,* 52 *N.J.* 503, 246 *A.*2d 713 (1968)), *certif. denied,* 144 *N.J.* 174, 675 *A.*2d 1122 (1996). We review only " 'whether the trial judge pursue[d] a manifestly unjust course[,]' " which requires reversal. *Ibid.* (quoting *Gittleman, supra,* 103 *N.J.Super.* at 179, 246 *A.*2d 757). We are not, however, bound by the trial court's application of the law, as a "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." *Manalapan Realty, L.P. v. Twp. Comm. of Manalapan,* 140 *N.J.* 366, 378, 658 *A.*2d 1230 (1995).

On appeal, Bloomfield argues the trial court erred, as a matter of law, in denying its motion to vacate the stipulation of dismissal executed only by plaintiffs and the Board. Bloomfield also argues the judge abused his discretion in denying leave to file a cross-claim. We consider these two issues.

The voluntary dismissal of pending actions is governed by *Rule* 4:37–1.[4] The rule "allows only for (1) unilateral dismiss-

als on notice by the plaintiff[,] provided neither an answer nor a summary judgment motion has been filed, (2) dismissals at any time[,] provided they are pursuant to a stipulation signed by all parties, or (3) dismissals by the court on motion." *Greely v. Greely,* 194 *N.J.* 168, 171, 943 *A.*2d 841 (2008). Accordingly, absent court review and order, a plaintiff can dismiss "only 'before service by the adverse party of an answer' or other responsive pleading[,]" *Sec. Nat'l Partners v. Mahler,* 336 *N.J.Super.* 101, 104, 763 *A.*2d 804 (App.Div.2000) (quoting *R.* 4:37–1(a)), *certif. denied,* 169 *N.J.* 607, 782 *A.*2d 425 (2001), or with consent of "all parties who have appeared in the action regarding the claim or claims being dismissed," *Hansen v. Hansen,* 339 *N.J.Super.* 128, 136, 770 *A.*2d 1278 (App.Div.2001). It is also clear, however, "parties who are not concerned with the claim or claims being dismissed, need not, nor are they entitled to, sign the stipulation of dismissal." *Ibid.*

■ Bloomfield correctly notes it answered plaintiffs' complaint prior to the execution of the stipulation. Further, Bloomfield was an interested party concerning the claims being dismissed, as the outcome of the litigation would have a direct and significant effect on Bloomfield's exposure in the CFA action. Therefore, plaintiffs' voluntary dismissal of the action, with or without prejudice, could be effective only with Bloomfield's consent or if ordered by the court. *See Arena v. Borough of Jamesburg,* 309 *N.J.Super.* 106, 110, 706 *A.*2d 790 (App.Div.1998) (stating once an answer or motion for summary judgment has been filed, voluntary dismissal

---

[4] *Rule* 4:37–1 provides in pertinent part:

(a) ... [A]n action may be dismissed by the plaintiff without court order by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or by filing a stipulation of dismissal specifying the claim or claims being dismissed, signed by all parties who have appeared in the action.... (b) Except as provided by paragraph (a) hereof, an action shall be dismissed at the plaintiff's instance only by leave of court and upon such terms and conditions as the court deems appropriate[.]

of a complaint can be effectuated by obtaining the defendant's consent or leave of the court).

Here, any stipulation of dismissal sought by plaintiffs required Bloomfield's consent to be effective. Further, because Bloomfield opposed dismissal, plaintiffs' course was limited to securing leave of court and subject to such terms and conditions as the court may deem appropriate. *Greely, supra,* 194 *N.J.* at 173, 943 *A.*2d 841. Consequently, the judge's denial of Bloomfield's challenge to vacate the voluntary dismissal was erroneous.

■ If the filed stipulation omitting Bloomfield's consent was the sole basis for dismissal of plaintiffs' action, we would likely reverse the court's order. However, we conclude reinstatement of the litigation is not warranted because the judge simultaneously considered and granted plaintiffs' cross-motion to dismiss pursuant to *Rule* 4:37–1(b).

*Rule* 4:37–1(b), requiring court review prior to granting dismissal, "was adopted to protect defendants from the duplication of litigation costs." *Shulas v. Estabrook,* 385 *N.J.Super.* 91, 97, 895 *A.*2d 1234 (App.Div.2006). In particular,

"[t]he evil aimed at by the rule is present in any instance in which a defendant is damaged by being dragged into court and put to expense with no chance whatever (if there is a dismissal without prejudice) of having the suit determined in his favor. The obvious purport of our rule is to protect a litigant where a termination of the proceedings without prejudice will place him in the probable position of having to defend, at additional expense, another action based upon similar charges at another time."

[*Ibid.* (quoting *Union Carbide Corp. v. Litton Precision Prods., Inc.,* 94 *N.J.Super.* 315, 317, 228 *A.*2d 99 (Ch.Div.1967)).]

■ "A motion based on [*Rule* ] 4:37–1(b) involves three sequential inquiries: (a) whether the matter should be dismissed without prejudice, (b) if so, whether terms should be imposed, and (c) if so, what terms will alleviate any prejudice to the defendant and prevent injury to the efficient administration of justice generated by the ensuing delay and duplication of effort." *Id.* at 98, 895 *A.*2d 1234. "In exercising [its] discretion, the court is chiefly required to protect 'the rights of the defendant.' " *Id.* at 97, 895

*A*.2d 1234 (quoting *Burke v. Cent. R.R. Co.*, 42 *N.J.Super.* 387, 398, 126 *A*.2d 903 (App.Div.1956)). *See also Mack Auto Imports, Inc. v. Jaguar Cars, Inc.*, 244 *N.J.Super.* 254, 258, 581 *A*.2d 1372 (App.Div.1990). "[A]n examination into the propriety of a voluntary dismissal without prejudice requires an investigation into the reasons why the order was sought as well as the actions or inactions of the parties that preceded its entry." *Shulas, supra*, 385 *N.J.Super.* at 101–02, 895 *A*.2d 1234.

Despite the relatively scant judicial treatment of the contours of *Rule* 4:37–1, it is clear the purpose served by the rule is the prevention of " 'intolerable manipulation of the [c]ourt's calendar and the defendants' resources.' " *Id.* at 101, 895 *A*.2d 1234 (quoting *Shady Records, Inc. v. Source Enters., Inc.*, 371 *F.Supp.*2d 394, 397 (S.D.N.Y.2005)). Resolution of these inquiries rests within the trial judge's discretion. *Id.* at 99, 895 *A*.2d 1234 (citing *Mack Auto, supra*, 244 *N.J.Super.* at 258, 581 *A*.2d 1372).

The judge in this matter considered plaintiffs' request to dismiss with prejudice, as well as Bloomfield's objections based on its desire to seek retroactive application of Z–88. In rejecting Bloomfield's position in the event dismissal were granted, the judge correctly noted:

> [B]ut for this filing of the complaint [Bloomfield] had no standing to pursue any complaints because [it] never filed an appeal of the [B]oard's decision [and] never filed anything with respect to contesting the decisions of the [B]oard. So what [Bloomfield is] asking me to do is now create a right that [Bloomfield] never had by sending [Bloomfield] back to the [B]oard and saying to the [B]oard review this issue.

We agree with the judge's analysis and conclude Bloomfield's failure to appeal cannot be circumvented by a cross-claim for remand of the rent calculation to the Board. Moreover, we fail to see how dismissal of plaintiffs' action would impede Bloomfield's pursuit of its right to petition the Board directly for re-calculation of the base rental following the adoption of Z–88.

We also reject, as lacking merit, Bloomfield's additional contentions. First, Bloomfield claims dismissal of the PWA renders it "unable to properly assert a defense as to the amount of claimed

overcharge and ... force[s it] to defend against a rent calculation which, had it been properly remanded to the ... Board, would likely have been significantly different." Second, Bloomfield argues the judge failed to perform the "required inquiry" so as to protect its legal rights and interests, before granting dismissal.

 Plaintiffs sought dismissal with prejudice, eliminating the concern that Bloomfield could be subject to duplicative future litigation and its attendant costs. *Union Carbide Corp., supra,* 94 *N.J.Super.* at 317, 228 *A.2d* 99. Dismissal of the PWA with prejudice additionally precluded any possibility plaintiffs sought to " 'manipulat[e] ... the [c]ourt's calendar and the defendant's resources.' " *Shulas, supra,* 385 *N.J.Super.* at 101, 895 *A.2d* 1234 (quoting *Shady Records, Inc., supra,* 371 *F.Supp.*2d at 397). Finally, dismissal of the PWA has no effect on Bloomfield's opportunity to defend the CFA action by asserting retroactive application of Z–88 under the "time of decision rule"[5] or, if necessary, by adding the Board as a third party to the litigation.

We briefly consider Bloomfield's separate argument that the judge "committed reversible error in denying Bloomfield's request to file a cross-claim[,]" as permitted by *Rule* 4:7–5.[6] The same

---

[5] "Under the 'time-of-decision rule,' courts may apply the statute in effect at time of the decision." *Pizzo Mantin Grp. v. Twp. of Randolph,* 137 *N.J.* 216, 235, 645 *A.2d* 89 (1994) (citation omitted). "A municipality may change its land-use ordinances after an application has been filed, even 'in direct response to the application.' " *Ibid.* (quoting *Burcam Corp. v. Planning Bd. of Medford,* 168 *N.J.Super.* 508, 512, 403 *A.2d* 921 (1979)). "The purpose of the principle is to effectuate the current policy declared by the legislative body[.]" *Kruvant v. Mayor & Council of Cedar Grove,* 82 *N.J.* 435, 440, 414 *A.2d* 9 (1980). *See also Phillips v. Curiale,* 128 *N.J.* 608, 617, 608 *A.2d* 895 (1992) (holding that retroactive application of statute turns on legislative intent and whether retroactivity works either an unconstitutional interference with vested rights or a manifest injustice). As the issue is not properly before this court, we decline to undertake review of the question of retroactive application of Z–88. *Nieder v. Royal Indemn. Ins. Co.,* 62 *N.J.* 229, 234, 300 *A.2d* 142 (1973).

[6] *Rule* 4:7–5(c) states:

forty-five day limitation governing the initiation of any PWA applies to Bloomfield's purported cross-claim against the Board. *See R.* 4:69–6(a) (requiring actions in lieu of prerogative writs to be commenced no "later than 45 days after the accrual of the right to the review, hearing or relief claimed"). Consequently, Bloomfield's request to allow its late-filed cross-claim was properly denied. *See Biddle v. Biddle,* 163 *N.J.Super.* 455, 461, 395 *A.*2d 218 (Law Div.1978) (holding "there is no justification ... for permitting a defendant to plead a cross[-]claim, otherwise barred, when that claim constitutes a new cause of action which is clearly affirmative in nature").

Following our review of the arguments presented on appeal, in light of the record and applicable law, we conclude the trial court's error in denying Bloomfield's motion to vacate plaintiffs' stipulation of dismissal was harmless, as the judge fully considered Bloomfield's opposition to plaintiffs' motion to dismiss. We discern no abuse of discretion in the trial judge's order dismissing the action pursuant to *Rule* 4:37–1(b).

Affirmed.

---

Cross-claims may be asserted by any defendant as of right within 90 days after service upon the defendant of the original complaint or after service of the complaint upon the party against whom the cross-claim is asserted, whichever is later. A cross-claim may be thereafter asserted only by leave of court, which shall be freely given.