# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0527-18T3
　　　　　　　　　A-0529-18T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

　　　　Plaintiff-Respondent,

v.

Y.M., and H.M.,

　　　　Defendants-Appellants/
　　　　Cross-Respondents.

_____

IN THE MATTER OF HE.M.,
HEN.M., and S.M., minors,

　　　　Respondents/Cross-Appellants.

_____

　　　　　　Argued February 11, 2020 – Decided May 4, 2020

　　　　　　Before Judges Hoffman, Currier and Firko.

　　　　　　On appeal from the Superior Court of New Jersey,
　　　　　　Chancery Division, Family Part, Passaic County,
　　　　　　Docket No. FN-16-0196-18.

Clara S. Licata, Designated Counsel, argued the cause for appellant/cross-respondent Y.M. (Joseph E. Krakora, Public Defender, attorney; Clara S. Licata, on the briefs).

Jawanza Phoenix, Assistant Deputy Public Defender, argued the cause for appellant/cross-respondent H.M. (Joseph E. Krakora, Public Defender, attorney; Jawanza Phoenix, of counsel and on the briefs).

Nancy P. Fratz, Assistant Deputy Public Defender, argued the cause for respondents/cross-appellants He.M., Hen.M., and S.M. (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Nancy P. Fratz, of counsel and on the brief).

Yedelka R. Felipe, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Yedelka R. Felipe, on the brief).

PER CURIAM

Defendants Y.M. (Yvette) and H.M. (Harold) appeal from a September 20, 2018 Family Part order permitting the Division of Child Protection and Permanency (the Division) to voluntarily dismiss its Title 9 action against them, before holding a fact finding hearing.[1] We listed their appeals back-to-back, and consolidate their appeals for purposes of this opinion.

---

[1] We use initials and pseudonyms when referring to defendants and their children, pursuant to Rule 1:38-3(d)(12).

A-0527-18T3

Defendants argue the Family Part committed reversible error by granting the Division's motion to dismiss, leaving defendants with only an administrative avenue to contest the agency's internal substantiation of them for abuse and neglect. After initially supporting the dismissal motion in the trial court, the Law Guardian sought leave to appeal the dismissal order as within time, which we granted. On appeal, the Law Guardian contends the trial court's dismissal of the Title 9 proceedings, before a fact finding hearing, constituted plain error. We affirm.

I

The Division's involvement with defendants began on the afternoon of March 5, 2018, when it received a referral reporting the arrest of both defendants for possession of a controlled dangerous substance with the intent to distribute. Earlier that day, defendants were traveling in their Jeep Cherokee in Paramus with their fourteen-month-old daughter (Susan), when police discovered 115 bricks of heroin in a concealed compartment in their vehicle, following a routine traffic stop.[2] Police also charged defendants with endangering the welfare of a child. Upon receiving the report, the Division immediately removed Susan, as

---

[2] When interviewed later that day, Harold told a Division case worker he purchased the car in New York from a random person, who was advertising it for sale with a sign in the window, approximately two to three months earlier.

well as defendants' two other children – five- and seventeen-year-old sons, who had been at school and work, respectively. The Division placed the two younger children with a family friend and the oldest with a cousin.

The next day, the Division filed a complaint for care, custody, and supervision of the children. At a hearing two days later, defendants denied illegal drug use or participation in any other criminal activity, explaining they bought their vehicle just a few months earlier and lacked any knowledge of narcotics hidden inside. The Division sought custody of the children pending further investigation, particularly urine and follicle testing, that could reveal whether defendants had used or handled illicit substances in the recent past. Defendants objected to the removal of the children, maintaining their children were safe in their care; nevertheless, they agreed to cooperate with the Division's investigation. The court concluded the quantity of drugs found in defendants' possession warranted the removal of their children and granted the Division's request for custody, notwithstanding defendants' lack of prior criminal history or Division involvement.

Both defendants submitted to court-ordered urine and hair follicle testing. While their urine and Yvette's follicle sample all tested negative for any illegal substances, Harold's hair and nails were, at the time, too short to yield an

adequate sample. Based on these test results, on March 26, 2018, the court ordered the Division to return the children to Yvette, but on the condition that Harold remain outside the home until the completion of his follicle testing. The court then scheduled a fact finding hearing for June 18, 2018; however, the court adjourned the hearing at the Division's request, after it unexpectedly received additional evidence from the county prosecutor's office. Neither defense counsel nor the Law Guardian objected to the adjournment.

When the matter returned for the rescheduled fact finding hearing on September 20, 2018, the Division orally moved for dismissal of its complaint.[3] At that point, the children had been previously returned to Yvette's care, and, because Harold's follicle testing showed no evidence of contact with illegal substances, the Division no longer found any need to restrain him from the family home. The Division further represented that it had no remaining concerns for the children's safety, and that the family required no further services. The Division acknowledged that its internal investigation had determined that the allegations of abuse and neglect at issue in this Title 9 matter were

---

[3] Before the hearing, the Division submitted its court report dated September 13, 2018, advising of its intention to recommend dismissal of the case.

A-0527-18T3

substantiated,[4] but emphasized that defendants maintained the right to contest that substantiation in a hearing before the Office of Administrative Law (OAL).

The Law Guardian did not oppose dismissal, noting that the "children are doing very well[,] with the parents providing . . . wonderful care . . . ." However, both defense counsel did object, but solely on the ground that dismissal would result in defendants losing their entitlement to continued representation by the Public Defender to pursue their administrative appeal.

Relying on our decision in New Jersey Division of Child Protection and Permanency v. V.E., 448 N.J. Super. 374, 402-04 (App. Div. 2017),[5] the court found defendants' administrative avenue for relief sufficient to satisfy the demands of due process, notwithstanding their loss of continued representation by the Public Defender before the AOL; in addition, because the court found the

---

[4] The Division substantiated defendants for neglect based upon their transportation of their fourteen-month-old daughter in a vehicle found to contain 115 bricks of heroin in a hidden compartment.

[5] In V.E., this court held that considerations of due process and fundamental fairness did not entitle a parent to a hearing before the Superior Court to challenge allegations or investigatory findings of abuse and neglect. Rather, we found that "plenary administrative review" afforded an opportunity to challenge the investigatory finding and would adequately safeguard the parent's due process and provide fundamental fairness. Id. at 402-03. We therefore concluded that the trial court's dismissal of a Title 9 action prior to a fact finding hearing did not amount to an abuse of discretion. Id. at 403-04.

children's safety no longer remained in question, it concluded that dismissal of the Title 9 action was warranted. As a result, the court entered an order dismissing the action and removing the remaining restraint against Harold.

Each defendant appealed from the dismissal order and the Law Guardian filed a cross-appeal. Harold argued the trial court erred by following V.E. and violating his right to a fact finding hearing. Yvette maintained that she would suffer prejudice by the lack of guaranteed counsel in the administrative proceeding, now explicitly characterizing it as a deprivation of due process. In addition, she also raised, for the first time on appeal, arguments concerning Rule 4:37-1(b), the entire controversy doctrine, Title 9 jurisdiction, and Constitutional fundamental fairness.

In addition to filing a cross-appeal challenging the dismissal of the Title 9 proceedings, the Law Guardian unsuccessfully moved before this court, seeking a remand for a fact finding trial. The Law Guardian raised substantially the same arguments as defendants, but further argued that the dismissal will deprive defendants' children of any participation in the administrative proceeding, not only guaranteed representation. According to the Law Guardian, "In the OAL, children lack notification, representation, and participation."

A-0527-18T3

After defendants filed their initial briefs on appeal, this court decided the case of N.J. Dep't of Children & Families v. L.O., 460 N.J. Super. 1, 18 (App. Div. 2019), where we addressed the issue of whether an indigent mother – substantiated for child abuse – had the right to the appointment of counsel at the administrative level and in any appeal of right. Answering the question in the affirmative, we held, "[I]ndigent litigants are entitled to the appointment of counsel when faced with a Division declaration that its investigation has substantiated that litigant for child abuse or neglect." Ibid. We further held "that free transcripts must also be provided." Id. at 20.

While "conced[ing] that the L.O. case weakens . . . his right to counsel argument[,]" Harold maintains it does not defeat it. Because L.O. directs Administrative Law Judges to utilize the Madden[6] list to secure counsel for indigent litigants who challenge substantiations for child abuse or neglect, id. at 20, Harold contends that "an attorney obtained from the Madden list will not have the same expertise as an OPR[7] attorney." Yvette similarly argues "the process afforded [to] parents challenging" a child abuse or neglect substantiation in the OAL "is not the same as what the parent[s] would receive in Superior

---

[6] Madden v. Delran, 126 N.J. 591 (1992).

[7] Office of Parental Representation.

Court, with no right to [OPR] [c]ounsel and an evidentiary standard of review of mere relevance."

II

We review the trial court's dismissal of the Division's Title 9 complaint, prior to a fact finding hearing, for abuse of discretion, pursuant to Rule 4:37-1(b). N.J. Div. of Child Protection and Permanency v. V.E., 448 N.J. Super. 374, 403 (App. Div. 2017). Our standard of review is deferential:

> When reviewing the trial court's exercise of discretion, we do not "decide whether the trial court took the wisest course, or even the better course, since to do so would merely be to substitute our judgment for that of the lower court[,]" which is an improper course of action. Gillman v. Bally Mfg. Corp., 286 N.J. Super. 523, 528 (App. Div. 1996) (quoting Gittleman v. Cent. Jersey Bank & Trust Co., 103 N.J. Super. 175, 179 (App. Div. 1967), rev'd on other grounds, 52 N.J. 503 (1968)), certif. denied, 144 N.J. 174 (1996). We review only "whether the trial judge pursue[d] a manifestly unjust course[,]" which requires reversal. Ibid. (quoting Gittleman, 103 N.J. Super. at 179). We are not, however, bound by the trial court's application of the law, as a "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).
>
> [Burns v. Hoboken Rent Leveling & Stabilization Bd., 429 N.J. Super. 435, 443 (App. Div. 2013).]

A-0527-18T3

None of the issues raised on appeal were raised in the trial court. According to Rule 2:10-2, an appellate court will not reverse an error not brought to the attention of the trial court unless the appellant shows that it was "plain error," that is, "error clearly capable of producing an unjust result." R. 2:10-2. We may decline to consider issues not properly presented to the trial court when an opportunity for such a presentation was available unless we find the issues so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Based upon our review of the record and the parties' briefs, we conclude the issues raised do not involve the jurisdiction of the trial court nor do they concern matters of great public interest. Nevertheless, we provide the following comments.

Rule 4:37-1(b) provides that a court can dismiss an action after an answer has been filed, upon application by the plaintiff. We acknowledge that the procedure for voluntary dismissal with leave of court, under Rule 4:37-1(b), is meant to prevent manipulation of the court's calendar and protect defendants' rights. Burns, 429 N.J. Super. at 445-46. Consequently, dismissals without prejudice late in litigation are often disfavored. Shulas v. Estabrook, 385 N.J. Super. 91, 100-01 (App. Div. 2006). Here, the record reflects no dispute that

the Division alerted all counsel of its intention to request dismissal of the Title 9 litigation in its September 13, 2018 court report. Nor does the record reflect any dispute that all parties had an opportunity to object and were heard by the court.

While we acknowledge the dismissal was granted in favor of an administrative proceeding, which had not yet begun, where both defendants would not have the same counsel, the decision remains a discretionary one. Burns, 429 N.J. Super. at 446. As the trial court recognized, this court held in V.E., 448 N.J. Super. at 403-04, that dismissal of a Title 9 action, which primarily concerns the protection of children rather than their parents' culpability for abuse or neglect, may be warranted in favor of an administrative hearing where the safety of the children is no longer in dispute. Indeed, the statute provides that the court "shall dismiss the complaint" if it "concludes that its assistance is not required on the record before it." N.J.S.A. 9:6-8.50(c).

While the Division did not file formal motion papers before the hearing, the Division's court report advised of its intention to recommend dismissal of the case. We further note that defendants did not object to the lack of a formal motion in the trial court, and the Law Guardian did not object to the motion at

all. In addition, defendants were afforded the opportunity to raise their argument concerning loss of guaranteed counsel before the court reached its decision.

At the time of the September 20, 2018 hearing, there were no safety concerns regarding the children, who continued to reside with their mother, both parents had complied with Division recommended services, and Yvette was scheduled to complete her drug treatment program that month; in addition, the Division did not recommend any additional services for either parent. Relying on V.E., the Division, with the express support of the Law Guardian, requested the court to permit Harold to return to the family home and to dismiss the litigation.

Consistent with V.E., the trial court found that the availability of a hearing in the OAL would serve to adequately protect defendants' due process rights. Both parents' objection to the dismissal was based solely on the argument that the Public Defender's Office would not continue to represent them in that forum. The trial court rejected this argument, declining to find that a hearing before the OAL "would in any way negate their opportunity [for] a plenary administrative review."

After expressly supporting the Division's application for dismissal, the Law Guardian now argues that the Division failed to file a motion as required

by Rule 4:37-1(b). Moreover, the Law Guardian did not simply fail to object, but joined in the Division's application for dismissal. This constitutes invited error. As our Supreme Court has explained, the doctrine of invited error prevents a litigant from "beseech[ing] and request[ing] the trial court to take a certain course of action, and upon adoption by the court," condemn the very procedure requested, "claiming it to be error and prejudicial." Div. of Youth and Family Servs. v. M.C. III, 201 N.J. 328, 340 (2010).

Contrary to Yvette's contention that allowing the Division to voluntarily dismiss Title 9 litigation encourages forum shopping, the statutory and regulatory framework expressly permits the Division to pursue an abuse or neglect finding administratively, judicially, or concurrently. V.E., 448 N.J. Super. at 387 (citing Div. of Youth and Family Servs. v. D.F., 377 N.J. Super. 59, 64 (App. Div. 2005)). We agree with the Division that,

> Far from being improper, this flexible approach is consistent with the purpose of the Title [9] litigation – to protect children and/or ensure that any necessary services are implemented for the parents and the children involved. And, to the extent a party in any particular case could demonstrate to the trial court that the dismissal was improper and inconsistent with the purposes of Title [9], that court could exercise the discretion afforded under Rule 4:37-1(b) and refuse to dismiss the Title [9] claims.

Here the trial court properly exercised its discretion in dismissing the protective services litigation as legal custody of the children had been returned to Yvette and Harold, who had complied with the services recommended by the Division, and no safety concerns remained. Dismissal of an action that no longer sought relief did not constitute an abuse of discretion. In addition, refusal to dismiss the matter would not serve judicial economy. The Superior Court can only determine whether abuse or neglect occurred. If it made such a finding, the parents would then be entitled to an OAL hearing to determine if the finding of abuse should have been deemed "established" rather than "substantiated." N.J.A.C. 3A:10-7.3(i). Dismissal of the Superior Court matter, as in this matter, results in one evidentiary hearing rather than two.

We reject defendants' argument that relaxation of the rules of evidence in administrative hearings deprives them of due process. We agree with the Division that the "OAL's standard for the introduction of evidence, requiring mere relevance, [N.J.A.C. 1:1-15.1(c)], places the parties on equal footing, particularly if the parents choose to represent themselves, and are unfamiliar with the many evidentiary rules applicable in Superior Court." In addition, we note that, "Notwithstanding the admissibility of hearsay evidence, some legally competent evidence must exist to support each ultimate finding of fact to an

extent sufficient to provide assurances of reliability and to avoid the fact or appearance of arbitrariness." N.J.A.C. 1:1-15.5(a).

Neither defendants nor the Law Guardian provide any convincing arguments for this court to find that they are entitled to an evidentiary hearing in Superior Court in this case. As noted by the Division, "Dismissal of the protective services litigation left Yvette and Harold in the same position they would have been in had litigation never been brought, and any delay in the administrative proceedings has no appreciable impact on Yvette or Harold and provides no basis for this court to overturn the precedent established in V.E."

Regarding defendants' children, we find no compelling reason to order representation for the children in this case. The record contains no suggestion of any physical abuse of the children nor any suggestion that any child will be called as a witness in the proceedings before the OAL.

Any arguments not addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-2(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15