811 A.2d 939 (2002)
356 N.J. Super. 166
Joseph RUSCKI, Plaintiff-Appellant,
v.
CITY OF BAYONNE and Bayonne Police Department, Defendants-Respondents, and
Anthony M. Gowers, Bayonne Board of Education, Hudson County, and Hudson County Police Department, Defendants.
Superior Court of New Jersey, Appellate Division.
Submitted December 4, 2002.
Decided December 19, 2002.
*940 Lynch Martin, attorneys for appellant (James Den Uyl, of counsel and on the brief).
Sarkisian, Florio & Kenny, attorneys for respondents (Edward J. Florio and Nita Raval, on the brief).
Before Judges KESTIN, EICHEN and FALL.
The opinion of the court was delivered by
KESTIN, P.J.A.D.
Plaintiff appeals from the trial court's order granting summary judgment to defendants City of Bayonne and Bayonne Police Department, and dismissing the complaint against those entities. Plaintiff's claims in respect of those defendants were made pursuant to N.J.S.A. 59:5-4 and N.J.S.A. 59:2-3d, provisions of the Tort Claims Act. Those defendants have joined issue and, although their case information statement notes a timing defect in the appeal, they have made no motion in that regard. We discern another significant impediment to the appeal, however.
The claims against all other public-entity defendants had been previously dismissed on summary judgment. Plaintiff has not appealed from those dismissals.
The order under appeal was entered on June 22, 2001. On October 3, 2001, another judge in the trial court entered a consent order dismissing without prejudice the one remaining claim, against the only non-public-entity defendant, Anthony M. Gowers. The notice of appeal from the June 22 order was filed on November 2, 2001.
Rather than moving within twenty days, pursuant to R. 2:5-6(a), for leave to appeal from the only order he challenges, the June 22 grant of summary judgment, plaintiff waited until ostensible finality was conferred by the October 3 order. The *941 serious problem we discern arises from the terms of the latter order.
The October 3 consent order of dismissal contains a provision that "the [c]omplaint may be reinstated by the plaintiff upon completion of all appeals of or involving the other defendants/co-defendants to the within action previously joined." This is manifestly an improper maneuver to evade the rule against interlocutory appeals in the absence of leave granted. See R. 2:2-4; Mack Auto Imports Inc. v. Jaguar Cars, Inc., 244 N.J.Super. 254, 257, 581 A.2d 1372 (App. Div.1990); see also R. 2:2-3. A conditional dismissal in these terms creates only the illusion of finality. The literal terms of the consent order would permit plaintiff, after failing on the merits of this appeal, to refile the complaint against the remaining defendant. This would confirm, after the fact, that the appeal was interlocutory all along. In the face of the condition contained in the consent order, plaintiff's attempt to couch this appeal as from a final order can only be seen as an effort to circumvent the standards governing appellate procedure. It violates the spirit and intent of the court rules, and it interferes with this court's ability to manage its docket.
A trial court may be tempted to enter a dismissal order of this type because it would dispose of a case at least temporarily, but case disposition for disposition's sake is not the goal of our system. A trial judge should not encourage or participate in such tactics. After the last summary judgment order was entered, the remaining parties had a choice of settling the issues between them, obtaining a dismissal with prejudice, or proceeding to trial. They were not entitled to craft a mechanism that manipulated the provisions of the court rules governing eligibility to appeal to this court as of right. See R. 2:2-3. Should plaintiff seek to avail himself of the reservation contained in the consent order in any future effort to revive the remaining claim, he would do well to contemplate the potential judicial estoppel effect of having previously represented that finality had been achieved, i.e., that the matter had been resolved "as to all issues and all parties." Pressler, Current N.J. Court Rules, comment 2 on R. 2:2-3 (2003).
Notwithstanding our condemnation of the practice employed, and disregarding the timing defect it entails, we should avoid basing decisions on issues raised sua sponte where the parties have had no opportunity to address them. Therefore, we choose not to dismiss this appeal. Because the parties have expended considerable time and effort in developing the issues presented, we elect to grant leave to appeal nunc pro tunc from the June 22, 2001 order, as if a motion for leave to appeal had been timely made, i.e., within the twenty days prescribed by R. 2:5-6(a), and address the merits. We fully expect that, in the future, we will see no orders of the type we have disapproved here.
Turning to the merits, our review of the record in the light of the arguments made by the parties and applicable principles of law, discloses that the issues advanced by plaintiff on appeal are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We agree substantially with the reasons for decision articulated by Judge Curran in her oral opinion rendered on June 22, 2001.
Accordingly, we affirm.