**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0876-15T3

AL KHAYAL AL DHAHABI
JEWELRY, LLC,

    Plaintiff-Appellant,

v.

KAVVERI TELECOM PRODUCTS
LIMITED; QUALITY COMMUNICATIONS
SYSTEMS, INC. d/b/a KAVVERI
TECHNOLOGIES AMERICAS; C.
SHIVAKUMAR REDDY,

    Defendants-Respondents,

and

NEW ENGLAND COMMUNICATIONS,
INC. d/b/a KAVVERI TECHNOLOGIES
AMERICAS; RH KASTURI; CHENNAREDDY
UMA REDDY,

    Defendants.

_____

Telephonically argued May 1, 2017 —
Decided June 1, 2017

Before Judges Lihotz, Hoffman and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Docket No. L-
6206-13.

Michael S. Horn argued the cause for appellants (Archer & Greiner, P.C., attorneys; Mr. Horn and Patrick Papalia, on the briefs).

Philip J. Cohen argued the cause for respondents (Kamensky, Cohen & Riechelson, attorneys; Mr. Cohen, on the brief).

PER CURIAM

Plaintiff Al Khayal Al Dhahabi Jewelry, LLC, a corporation organized and operating in Dubai, United Arab Emirates, appeals from a series of orders, which ultimately resulted in the dismissal without prejudice of its complaint. Defendants, Kavveri Telecom Products Ltd., Kavveri Technologies Americas, and Quality Communications Systems, Inc., d/b/a Kavveri Technologies Americas, are related corporate entities. The parent company Kavveri Telecom Products, Ltd., which is organized and based in Bangalore, India, allegedly guaranteed payment of a $3.1 million loan transferred in July 2012 by plaintiff to Kavveri Technologies Americas, a Delaware corporation, to purchase business assets in New Jersey, which became defendant Quality Communications Systems, Inc. The loan was to be secured by defendants' pledge of 50% of the outstanding stock of Kavveri Technologies Americas and personally guaranteed by defendants' corporate directors, C. Shivakumar Reddy, R.H. Kasturi, and Chennareddy Uma Reddy. Defendants raise various defenses, including denying that the money purportedly

loaned by plaintiff was received by Quality Communications Systems, Inc.

The complicated transaction is unaccompanied by documents typical to commercial loans. Email correspondence in the record suggests the money transfer was pursuant to "hawala."

> The hawala system is widely used in Middle Eastern and South Asian countries, and is primarily used to make international fund[] transfers. Though there are many forms of hawala, in the paradigmatic hawala system, funds are transferred from one country to another through a network of hawala brokers (i.e., "hawaladars"), with one hawaladar located in the transferor's country and one in the transferee's country. In this form, a hawala works as follows: If Person A in Country A wants to send $1,000 to Person B in Country B, Person A contacts Hawaladar A in Country A and pays him $1,000. Hawaladar A then contacts Hawaladar B in Country B and asks Hawaladar B to pay $1,000 in Country B currency, minus any fees, to Person B. The effect of this transaction is that Person A has remitted $1,000 (minus any fees) to Person B, although no money has actually crossed the border between Country A and Country B.
>
> Eventually, Hawaladar B may need to send money to Country A on behalf of a customer in Country B; he will then contact Hawaladar A, with whom he now has a credit due to the previous transaction. Hawaladar A will remit the money in Country A to the designated person there, thus clearing the debt between the two hawaladars. Typically, Hawaladar A and Hawaladar B would engage in many parallel transactions moving in both directions. A number of transactions might be required before the books are balanced between the two hawaladars. If after some period of time

A-0876-15T3

their ledgers remain imbalanced, the hawaladars may "settle" via wire transfer or another, more formal method of money transmission. The hawala system operates in large part on trust, since, as in the example above, a hawaladar will remit money well before he receives full payment, and he does so without the benefit of a more formal legal structure to protect his investment.

[U.S. v. Banki, 685 F.3d 99, 103 (2d. Cir. 2012).]

Plaintiff filed its complaint in the Law Division alleging numerous causes of action related to the failure to repay the alleged debt. After extensive motion practice not directed to plaintiff's substantive causes of action, defendants moved for summary judgment dismissal, arguing plaintiff lacked standing to sue in New Jersey because it did not have a certificate of authority, under N.J.S.A. 14A:13-11. The trial judge agreed and dismissed the complaint without prejudice. Thereafter, plaintiff obtained a certificate of authority on September 8, 2015. Plaintiff moved for reconsideration of the August 28, 2015 order, and sought to reinstate its complaint. The trial court denied the motion suggesting a new complaint must be filed. Plaintiff appealed.

On December 16, 2015, the trial judge issued an amplification of his opinion, which denied plaintiff's motion to reinstate the complaint without prejudice. Before this court, plaintiff

argues the trial judge erred in denying summary judgment to plaintiff and in dismissing the complaint without prejudice. It also maintains the order denying plaintiff's motion to restore its pleadings once a certificate of authority was issued was an abuse of discretion. In the notice of appeal, plaintiff includes additional challenges, which also attack interlocutory orders.

During oral argument, we were informed plaintiff filed a second action and trial in that matter was scheduled. Plaintiff acknowledged the trial judge had not considered the effect, if any, of the timing of the new action. Moreover, the record is silent on this issue.

In light of these facts, we conclude this matter is interlocutory and must be dismissed. See, e.g., Ruscki v. City of Bayonne, 356 N.J. Super. 166, 168-69 (App. Div. 2002) (dismissing as interlocutory a matter dismissed without prejudice); Richard A. Pulaski Constr. Co. v. Air Frame Hangars, Inc., 195 N.J. 457, 462 n.5 (2008) (observing, generally, a dismissal without prejudice is not appealable of right).

Certainly, a denial of summary judgment is interlocutory, and not appealable of right. A denial of summary judgment "decides nothing and merely reserves the issue for future disposition." Gonzales v. Ideal Tile Importing Co., Inc., 371 N.J. Super. 349, 356 (App. Div. 2004). Second, we understand plaintiff maintains

it may suffer prejudice because of the prior dismissal, cf. Scalza v. Shop Rite Supermarkets, Inc., 304 N.J. Super. 636, 639 (App. Div. 1997) (noting a dismissal without prejudice may be appealable of right if the statute of limitations bars a subsequent action); however, the question of whether actual prejudice arises was neither presented to the trial judge nor argued on appeal. Accordingly, we decline to consider the matter at this stage, noting trial is imminent.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0876-15T3