**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1711-15T3

MARIA OROZCO,

    Plaintiff,

v.

TADROS B. BOULIS and GEICO
GENERAL INSURANCE COMPANY,

    Defendants.

_____

MARIA OROZCO, Individually
and DANIEL PARRA, a minor by
his Guardian Ad Litem, MARIA
OROZCO,

    Plaintiffs-Respondents,

v.

CORNELIO CASTILLO-MIESES and
VMC TRUCKING CORP.,

    Defendants-Appellants,

and

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

_____

Argued April 4, 2017 — Decided April 27, 2017

Before Judges Reisner and Koblitz.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-577-15.

Shaji M. Eapen argued the cause for appellants, VMC Trucking Corp. and Cornelio Castillo-Mieses (Morgan Melhuish Abrutyn, attorneys; Mr. Eapen, of counsel and on the briefs; Michael T. Buonocore, on the briefs).

Kenneth M. Harrell argued the cause for respondent, Maria Orozco (Law Office of Ana C. Moreira, attorney; Mr. Harrell, on the brief).

PER CURIAM

Defendants VMC Trucking Corp. and Cornelio Castillo-Mieses appeal from two orders, both filed on November 10, 2015, concerning the voluntary dismissal without prejudice of plaintiffs' lawsuit. We affirm.

In brief summary, plaintiff Maria Orozco filed two separate auto negligence lawsuits, alleging that she was injured in two different rear-end collisions. Orozco's first lawsuit, Orozco v. Boulis, L-513-14, concerned a February 15, 2012 accident. That lawsuit was given a discovery end date of August 13, 2015. The second lawsuit, Orozco v. Castillo-Mieses, L-577-15, was filed on February 10, 2015, on behalf of Orozco and her minor son, and

concerned a February 10, 2014 accident. The second suit was given a discovery end date of January 13, 2016.

In April 2015, defendants filed a motion to consolidate the two cases, which the court granted on May 13, 2015. However, instead of extending the discovery end date of the older case to match that of the later-filed case, the consolidation order shortened the discovery period allowed for the latter case by 150 days and gave both cases the August 13, 2015 discovery end date that pertained to the older case. On its face, that date appeared to be a mistake, because the order recited that "8-13-15" represented "the current discovery end date" in "Docket No. HUD-L-577-15." In fact, the discovery end date for L-577-15 was January 13, 2016. The order also removed both cases from arbitration and set an October 19, 2015 trial date.

Defendants moved for reconsideration, pointing out what they believed was the error in setting the discovery end date. However, instead of correcting the apparent mistake, the motion judge denied the motion, reciting that the "DED was adjusted at time of consolidation in the court's discretion." There followed a series of applications by plaintiffs and defendants to extend discovery, all of which were denied, followed by the parties' respective motions to strike each other's medical experts as having been filed outside the discovery deadline, which were granted. The

3

older case settled, leaving pending the newer case, in which Orozco and her minor son were the plaintiffs.

Facing a looming trial date, plaintiffs requested a case conference; the court denied the request but adjourned the trial to December 7, 2015.  On October 21, 2015, plaintiffs filed a motion, pursuant to Rule 4:37-1(b), for permission to take a voluntary dismissal and to re-file the complaint within the statute of limitations.  Defendants filed a cross-motion seeking dismissal of the complaint with prejudice;  in the alternative, the cross-motion sought an order providing that all orders "relating to the exclusion of plaintiffs' discovery are to be binding" in any subsequently filed action and requiring plaintiffs to reimburse defendants for "all expenses and costs incurred as a result of plaintiffs' filing of this lawsuit."

In an order dated November 10, 2015, the motion judge granted plaintiffs' motion, with the following caveat:  "Parties will be bound by all discovery previously exchanged; no substitution of any experts without leave of court."  In a second order also filed on November 10, 2015, the judge denied the cross-motion, but with the same caveat noted on the order.  Thus, other than time spent preparing for trial, once the complaint was re-filed the parties would be in essentially the same position they were in

4

before the original complaint was dismissed. Defendants appeal from both November 10, 2015 orders.[1]

Rule 4:37-1(b) provides that, absent consent, "an action shall be dismissed at the plaintiff's instance only by leave of court and upon such terms and conditions as the court deems appropriate." We review a trial court's decisions under Rule 4:37-1(b) for abuse of discretion, and we find none. See Shulas v. Estabrook, 385 N.J. Super. 91, 97 (App. Div. 2006); Mack Auto Imports, Inc. v. Jaguar Cars, Inc., 244 N.J. Super. 254, 258 (App. Div. 1990). We might have handled this case differently - perhaps extending the discovery end date in response to defendants' reconsideration motion, rather than requiring the parties to meet an artificially shortened deadline, barring both of their experts, and essentially forcing plaintiffs to either take a voluntary dismissal or proceed without an expert. See Shulas, supra, 385 N.J. Super. at 99; Fehnel v. Fehnel, 186 N.J. Super. 209, 212-13 (App. Div. 1982). However, the court's interlocutory case management orders are not before us on this appeal, and we cannot say that the judge abused discretion in deciding the Rule 4:37-1(b) motion.

---

[1] At oral argument, counsel advised us that the complaint was re-filed and is currently pending.

As previously noted, the judge's November 10, 2015 order, allowing plaintiffs to re-file their complaint, bound the parties to the court's prior discovery rulings, subject to the right, which they would have had in any event, to seek relief by motion. While defendants no doubt spent time preparing for trial, there was no guarantee that the case would have been reached for trial on the scheduled date. That aside, there should be no duplication of effort involved in the re-filed action, and we find no abuse of the judge's discretion in denying defendants' counsel fee application. See Shulas, supra, 385 N.J. Super. at 99.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1711-15T3