**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1740-16T3

SEIDMAN & PINCUS, LLC, and
MITCHELL B. SEIDMAN,

  Plaintiffs-Respondents,

v.

RICHARD J. ABRAHAMSEN, and
ABRAHAMSEN LAW FIRM, LLC,

  Defendants/Third-Party
  Plaintiffs-Appellants,

v.

NICHOLAS G. SEKAS,

  Defendant/Third-Party
  Defendant,

and

SEKAS LAW GROUP, LLC, and
SEKAS & ABRAHAMSEN, LLC,

  Defendants/Third-Party
  Defendants-Respondents.

_____

Argued September 13, 2018 - Decided October 4, 2018

Before Judges Ostrer and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2961-14.

Richard J. Abrahamsen argued the cause for pro se appellants.

Mitchell B. Seidman argued the cause for pro se respondents Seidman & Pincus, LLC, and Mitchell B. Seidman (Mitchell B. Seidman and Andrew Pincus, on the brief).

Nicholas G. Sekas argued the cause for pro se respondents Sekas Law Group, LLC, and Sekas & Abrahamsen, LLC.

PER CURIAM

Defendants/third-party plaintiffs Richard J. Abrahamsen and Abrahamsen Law Firm, LLC (Abrahamsen defendants) appeal from thirteen separate Law Division orders issued in connection with this litigation.[1] We affirm all of the orders appealed by the Abrahamsen defendants.

---

[1] The orders that are the subject of this appeal are as follows: a May 4, 2015 order denying appointment of a custodian and compelling arbitration; a May 12, 2015 order denying disqualification of counsel and indemnification; a November 6, 2015 order denying a motion to strike co-defendants' answer for failure to provide discovery; a November 6, 2015 protective order; a January 8, 2016 order quashing subpoenas and granting attorney's fees; a February 5, 2016 order quashing subpoenas and granting attorney's fees; a February 5, 2016 order

In August 2014, plaintiffs Seidman & Pincus, LLC (S&P) and Mitchell Seidman filed a complaint in Passaic County against Sekas Law Group, LLC and Sekas & Abrahamsen, LLC (Sekas defendants) and the Abrahamsen defendants, alleging defamation and tortious interference (defamation action). The law firm of Sekas & Abrahamsen, LLC (S&A), consisting of Nicholas G. Sekas and Richard J. Abrahamsen, dissolved in December 2013, prior to the filing of the defamation action. Litigation related to the dissolution of S&A was filed in Monmouth County (dissolution action) two weeks after plaintiffs filed their defamation action.[2]

The underlying facts are not complex. However, the procedural history is convoluted based on the sheer number of motions filed by the Abrahamsen

denying a motion to compel discovery; a February 17, 2016 order compelling payment of counsel fees; a February 26, 2016 order vacating the February 17, 2016 order and awarding counsel fees; a February 26, 2016 order awarding counsel fees; a December 5, 2016 order denying reconsideration; a December 5, 2016 order compelling reimbursement; and a December 5, 2016 order denying sanctions.

[2] In the dissolution action, Sekas sought to enforce the terms of S&A's partnership operating agreement and recover assets taken by Abrahamsen when he left S&A in December 2013. Sekas claimed Abrahamsen was responsible for his percentage share of debts and obligations of S&A, and for fees and costs on S&A cases that Abrahamsen took to his new law firm. Abrahamsen claimed the partnership's operating agreement required S&A to indemnify him against plaintiffs' defamation action.

defendants. The procedural background related to the defamation action is further muddled due to the Abrahamsen defendants' repeated conflating of the issues in the defamation action and the dissolution action. Consequently, a more detailed recitation of the procedural background is required to provide context for this appeal.

Plaintiffs filed the defamation action against the Abrahamsen defendants and Sekas defendants on August 6, 2014, alleging all defendants caused S&P to lose a long-time client. One month later, the Abrahamsen defendants sent a notice to plaintiffs demanding withdrawal of the defamation action as frivolous. In response, plaintiffs requested a copy of a memorandum authored by Abrahamsen to assess the merits of their claim and determine whether the memorandum caused the loss of a long-term client. Instead of replying to plaintiffs' request for a copy of the memorandum, the Abrahamsen defendants filed a motion to dismiss the complaint. Plaintiffs then filed a cross-motion to amend the complaint.

Leave to amend the complaint was granted and, in January 2015, plaintiffs filed an amended complaint, adding Sekas Law Group, LLC as a defendant and asserting a new claim based on fraudulent transfer. The Abrahamsen defendants

A-1740-16T3

filed an answer, cross-claim for indemnification against the Sekas defendants, and third-party complaint against the Sekas defendants and Nicholas G. Sekas.

In March 2015, the Abrahamsen defendants moved to consolidate the defamation action with the dissolution action. The judge denied consolidation.

In May 2015, the judge dismissed the third-party claims against the Sekas defendants. The judge also issued an order on May 4, 2015 denying a motion by the Abrahamsen defendants to appoint a custodian and compel arbitration of the dispute between the Abrahamsen defendants and the Sekas defendants. A motion to compel the Sekas defendants to indemnify the Abrahamsen defendants in the defamation action was denied on May 12, 2015.

Failing to succeed in their earlier motions, the Abrahamsen defendants requested discovery from the Sekas defendants. In the fall of 2015, the Abrahamsen defendants moved to strike the Sekas defendants' answer for failure to provide discovery. In response, the Sekas defendants sought a protective order related to the discovery requests. The judge denied the motion to strike and granted the motion for a protective order. These orders, dated November 6, 2015, granted attorney's fees to the Sekas defendants. The judge expressly warned the Abrahamsen defendants that additional sanctions would be imposed

for their "continued contempt and violation of the intent and spirit of the prior [o]rders issued by the [c]ourt."

Notwithstanding the unequivocal warning issued by the judge in the defamation action, the Abrahamsen defendants served multiple subpoenas on individuals and companies associated with the Sekas defendants. The Sekas defendants demanded the Abrahamsen defendants withdraw the subpoenas, but the Abrahamsen defendants refused. The Sekas defendants then filed a motion to quash the subpoenas, a motion for a protective order, and sought to hold the Abrahamsen defendants in contempt of the court's prior orders in the defamation action.

On January 8, 2016, the judge quashed certain subpoenas and granted the request for a protective order in favor of the Sekas defendants. The order also denied discovery sought by the Abrahamsen defendants; ordered the Abrahamsen defendants to stop demanding discovery from the Sekas defendants; barred the Abrahamsen defendants from requesting discovery without leave of the court; ordered Abrahamsen, individually, to show cause why he should not be held in contempt; found the Abrahamsen defendants to be in contempt; and ordered the Abrahamsen defendants to pay attorneys' fees to the Sekas defendants. One month later, the judge quashed additional subpoenas

6

served by the Abrahamsen defendants and reiterated his prior warning regarding the imposition of sanctions for continued service of improper discovery demands. On February 17, 2016, the judge awarded counsel fees to the Sekas defendants in the amount of $6,310. On February 26, 2016, the judge vacated the February 17, 2016 award of counsel fees and, instead, awarded counsel fees to the Sekas defendants in the amount of $5,740. The judge also awarded additional counsel fees to the Sekas defendants in the amount of $11,410.

The Abrahamsen defendants sought reconsideration of the judge's orders issued in January and February 2016. Because the Abrahamsen defendants claimed the judge who issued the January and February 2016 orders had a conflict based on his law clerk's employment with Sekas as of April 2016, a different judge heard argument on the motions for reconsideration, indemnification, and sanctions. These motions were denied by order dated December 5, 2016.

The factual history preceding the filing of the defamation action is relevant to understanding the issues on appeal. In 2003, Mariner's Bank retained plaintiffs to handle various legal matters, including litigation actions, bankruptcy matters, and foreclosure proceedings.

A-1740-16T3

Around July 2009, Mariner's Bank retained plaintiffs to pursue an action against Carver Federal Savings Bank (Carver) for default of a loan.[3] Around the same time, Mariner's Bank decided to sell thirteen defaulted loans to Purchase Partners, LLC (Purchase Partners). Carver asserted counterclaims in the Carver action against Mariner's Bank before its loan was sold to Purchase Partners. Because the interests of Mariner's Bank and Purchase Partners were aligned, plaintiffs discussed whether they could represent both parties in the Carver action. Plaintiffs asked Mariner's Bank and Purchase Partners to sign a conflict waiver letter before plaintiffs would undertake dual representation of the parties in the Carver action. Mariner's Bank and Purchase Partners signed the conflict waiver letters, and agreed to equally share payment of plaintiffs' legal fees in the Carver action.

Purchase Partners fell behind on its payments to plaintiffs for legal services. Plaintiffs requested payment in return for continued representation of Purchase Partners in the Carver action. Purchase Partners was unable to pay plaintiffs' legal fees. Purchase Partners then sought a more economical arrangement with another law firm to represent it in the Carver action.

---

[3] The action, entitled <u>Mariner's Bank v. Carver Federal Savings Bank</u>, was filed in United States District Court for the Southern District of New York (Carver action).

A-1740-16T3

Thereafter, Purchase Partners retained S&A to represent its interest in the Carver action. Plaintiffs filed a motion in the Carver action to impose a charging lien against Purchase Partners for outstanding legal fees and for any recovery obtained by Purchase Partners in the Carver action. The federal judge handling the Carver action granted plaintiffs' motion.

Plaintiffs then filed a motion in federal court to establish the amount of the charging lien against Purchase Partners. S&A advised Purchase Partners to oppose the motion, and dispute plaintiffs' outstanding fees based on an alleged conflict of interest arising from plaintiffs' dual representation of Mariner's Bank and Purchase Partners. Plaintiffs' motion to establish the amount of the charging lien was not decided by the federal judge handling the Carver action until early 2014.[4]

In August 2013, the parties settled the Carver action. At that time, Abrahamsen authored a confidential memorandum to Purchase Partners regarding the Carver action. The memorandum, entitled "Memo on Mariner[']s Bank and Purchase Partners and the Dual Representation of Seidman & Pincus," discussed the events that transpired after S&P undertook

---

[4] On February 5, 2014, the federal judge in the Carver action determined plaintiffs had no conflict of interest and awarded the fees owed by Purchase Partners to plaintiffs for legal work related to the Carver action.

representation of both Mariner's Bank and Purchase Partners in the Carver action. The memorandum opined that "S&P turned on his client [Purchase Partners] and was [Mariner's Bank] against [Purchase Partners] on this point while still counsel of record for both parties."

Mariner's Bank received a copy of the Abrahamsen memorandum and stopped paying plaintiffs for legal services in the Carver action and other matters. After receipt of the Abrahamsen memorandum, Mariner's Bank did not hire plaintiffs to represent it in any new matters. In early 2014, plaintiffs requested overdue payment for legal services from Mariner's Bank. A representative of Mariner's Bank told plaintiffs the bank was discontinuing S&P's legal services based on the Abrahamsen memorandum and Abrahamsen's advice that plaintiffs had a conflict of interest due to S&P's dual representation of Mariner's Bank and Purchase Partners in the Carver action.

Believing the bank's decision to discontinue plaintiffs' legal services was due to the Abrahamsen memorandum, plaintiffs filed the defamation action seeking damages against defendants. Soon after commencing the defamation action, plaintiffs sought a copy of the Abrahamsen memorandum. Rather than provide a copy of the memorandum or explain why the memorandum could not be produced, the Abrahamsen defendants filed a series of motions for discovery

and other relief unrelated to plaintiffs' defamation action as described earlier in this opinion. The defamation action then proceeded for nearly two years.

On March 28, 2016, plaintiffs served a subpoena on Mariner's Bank, seeking the Abrahamsen memorandum. Mariner's Bank provided the document to plaintiffs on April 1, 2016. The Abrahamsen memorandum opined S&P had a conflict of interest based on the law firm's dual representation of Mariner's Bank and Purchase Partners in the Carver action.

Three months after receipt of the Abrahamsen memorandum, plaintiffs deposed several individuals affiliated with Mariner's Bank. Based on the deposition testimony, plaintiffs determined they would be unable to prove the Abrahamsen memorandum caused Mariner's Bank to terminate S&P's legal services. Therefore, on July 28, 2016, plaintiffs elected to discontinue the defamation action. Plaintiffs and the Sekas defendants promptly signed a stipulation dismissing the complaint. However, the Abrahamsen defendants did not sign the stipulation until January 2017.

While the defamation action was pending, in or around April 2016, the judge's law clerk accepted employment with Sekas and his new law firm. The judge handling the defamation action had not issued any orders in the defamation action subsequent to February 2016. The Abrahamsen defendants

11

did not file a motion for reconsideration and other relief until around March 2016.  Due to an alleged conflict based on the judge's law clerk's acceptance of a position with the Sekas firm, the reconsideration motion and other motions filed by the Abrahamsen defendants were heard by the presiding judge of the Civil Division.  The presiding judge denied those motions on December 5, 2016.

The parties filed a stipulation of dismissal in the defamation action on January 17, 2017, and the Abrahamsen defendants then appealed from thirteen separate orders issued in the defamation action.  On appeal, the Abrahamsen defendants argue four points.[5]  First, they argue plaintiffs' complaint constituted frivolous litigation because it was without basis in law or in fact, and the judge erred in failing to impose sanctions against plaintiffs.  Second, they argue entitlement to indemnification and counsel fees from the Sekas defendants pursuant to S&A's partnership operating agreement related to plaintiffs' claims in the defamation action.  Third, they contend the judge handling the defamation action improperly denied discovery, quashed subpoenas, granted protective orders, and awarded counsel fees.  Fourth, they claim all orders issued by the

---

[5]  The Notice of Appeal lists the May 4, 2015 order, the February 5, 2016 order denying a motion to compel discovery; and the December 5, 2017 order denying reconsideration of prior orders.  However, because the issues related to these orders were not briefed, the issues are deemed waived.  Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014).

original judge assigned to the defamation action should be vacated because his law clerk was subsequently hired by Sekas' new law firm.

We review the issues raised in this appeal for abuse of discretion. An abuse of discretion arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex County Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Our review of a trial court's imposition of sanctions is similarly reviewed for abuse of discretion. Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005). We likewise review a judge's decision to impose discovery sanctions and award attorney's fees as a discovery sanction under an abuse of discretion standard. Shore Orthopaedic Grp. v. Equitable Life Assurance Soc'y of U.S., 397 N.J. Super. 614, 629-30 (App. Div. 2008); Innes v. Carrascosa, 391 N.J. Super 453, 496 (App. Div. 2007).

A judge, in his or her discretion, has the inherent authority to sanction a party for behavior that is vexatious, burdensome, and harassing. See Brundage v. Estate of Carambio, 195 N.J. 575, 610 (2008) (recognizing the inherent power of courts to sanction parties as means of enforcing ordinary rules of practice);

13

Abtrax Pharm. v. Elkins-Sinn, 139 N.J. 499, 513 (1995) (recognizing the inherent power to punish for discovery violations); Dziubek v. Schumann, 275 N.J. Super. 428, 439-40 (App. Div. 1994) (reasoning a court's inherent power may include awarding attorney's fees in the form of a sanction).  Although the power to sanction should be invoked sparingly, the circumstances presented in this case support the award of attorney's fees as the proper sanction for the Abrahamsen defendants' vexatious and harassing motion practice in the defamation action.

We conclude there is sufficient, credible evidence in the record to support the judge's award of attorney's fees as a sanction against the Abrahamsen defendants.  The Abrahamsen defendants repeatedly sought discovery and filed motions relating to the dissolution action in the defamation action.  The judge's orders clearly and unambiguously instructed that issues and discovery requests related to the dissolution action had to be pursued in the dissolution action.  The judge expressly warned that if the Abrahamsen defendants continued to file such applications in the defamation action, rather than in the dissolution action, he would impose sanctions.  The Abrahamsen defendants failed to heed the judge's admonition to cease filing repetitive discovery motions and other motions unrelated to the defamation action.

Because the Abrahamsen defendants disregarded the judge's orders related to motion practice and discovery in the defamation action, the judge awarded attorney's fees as a sanction for the Abrahamsen defendants' improper use of the defamation action to gain discovery in the dissolution action. The judge found the Abrahamsen defendants were acting in bad faith, contrary to N.J.S.A. 2A:15-59.1, by attempting to use the defamation action to obtain information relevant to the dissolution action.

The judge also imposed further sanctions against the Abrahamsen defendants in accordance with Rule 1:4-8(c). When an attorney signs a pleading, motion, or other paper, the attorney certifies that the "paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." R. 1:4-8(a)(1).

We discern no abuse of discretion in the trial court's decision to sanction the Abrahamsen defendants by imposing attorney's fees in favor of the Sekas defendants. The Sekas defendants were forced to oppose a barrage of motions filed by the Abrahamsen defendants unrelated to the defamation action. The record does not reflect favorably on the Abrahamsen defendants' litigation tactics, which lead the judge to impose sanctions in the form of attorney's fees to deter continued violations of the court's orders regarding discovery and

15

motion practice in the defamation action. The filing of continued requests for discovery by the Abrahamsen defendants, after the judge's issuance of a warning not to seek such discovery, was contrary to Rule 1:10-3, and the judge did not abuse his discretion under the circumstances.

The Abrahamsen defendants also contend the judge should have sanctioned plaintiffs because the defamation action was frivolous. The frivolous litigation statute permits a court to award reasonable counsel fees and litigation costs to a prevailing party in a civil action if the court determines that the complaint, counterclaim, cross-claim, or defense is frivolous. N.J.S.A. 2A:15-59.1.

A claim is considered frivolous when: "no rational argument can be advanced in its support"; "it is not supported by any credible evidence"; "a reasonable person could not have expected its success"; or "it is completely untenable." Belfer v. Merling, 322 N.J. Super. 124, 144 (App. Div. 1999). "[F]alse allegations of fact [will] not justify [an] award . . . unless they are made in bad faith, 'for the purpose of harassment, delay or malicious injury.'" McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561 (1993) (quoting N.J.S.A. 2A:15-59.1(b)(1)). An honest attempt to pursue a perceived,

though ill-founded, claim is not considered to be frivolous. Id. at 563. The burden of proving bad faith is on the party who seeks fees and costs. Id. at 559.

Rule 1:4-8 supplements N.J.S.A. 2A:15-59.1, and governs the conduct of attorneys. A Rule 1:4-8 sanction is "specifically designed to deter the filing or pursuit of frivolous litigation." LoBiondo v. Schwartz, 199 N.J. 62, 98 (2009). "For purposes of imposing sanctions under Rule 1:4-8, an assertion is deemed 'frivolous' when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 389 (App. Div. 2009) (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007)). "Where a party has [a] reasonable and good faith belief in the merit of the cause, attorney's fees will not be awarded." Ibid.

The Abrahamsen defendants sought counsel fees, claiming plaintiffs "persist[ed] in frivolous litigation" pursuant to N.J.S.A. 2A:15-59.1 and Rule 1:4-8. We reject this argument. When plaintiffs filed the complaint, they knew their long-term relationship with Mariner's Bank was abruptly terminated after the bank received the Abrahamsen memorandum. However, plaintiffs also knew as of the date they filed the defamation action that a federal judge determined S&P did not have a conflict of interest in the Carver action.

In deciding the Abrahamsen defendants' motion for sanctions against plaintiffs, the judge stated:

> I do think it's a close call. I don't think its mere speculation. . . . I think there was some indicia that defamation could have occurred. It didn't. And I agree. But – but, you know, [plaintiffs] also ha[d] a problem with obtaining a memo which . . . is the smoking gun that, in fact, wasn't smoking. But the only way to obtain it would have been to file litigation. And, obviously, through discovery or subpoena power [plaintiffs have] been able to obtain it through that method. He did. And then he dropped his complaint.

The judge found plaintiffs never conceded the defamation action was without merit. Plaintiffs voluntarily dismissed the defamation action after obtaining the Abrahamsen memorandum (sixteen months after requesting a copy of that document) and deposing several representatives of Mariner's Bank. Only after receipt of the Abrahamsen memorandum and completion of depositions in July 2016 did plaintiffs conclude they lacked direct or admissible evidence to prove their claims in the defamation action.

Plaintiffs' claims were not frivolous. Based on circumstantial evidence, plaintiffs believed the Abrahamsen memorandum resulted in the loss of Mariner's Bank as a client, facts sufficient to establish a claim for defamation and tortious interference against one or more defendants. Based on the refusal of the Abrahamsen defendants to provide the Abrahamsen memorandum,

A-1740-16T3

plaintiffs had a good faith basis as to the merits of their claims, and the complaint was not frivolous under N.J.S.A. 2A:15-29.1 or Rule 1:4-8.

We next review the Abrahamsen defendants' argument related to the judge's denial of indemnification from the Sekas defendants. The judge determined the indemnification issue should be resolved in the dissolution action, not the defamation action. Rule 4:38-2 "vest[s] [a] determination whether or not to sever claims to the sound exercise of a trial court's discretion." Rendine v. Pantzer, 141 N.J. 292, 310 (1995).

The judge denied the Abrahamsen defendants' motion to consolidate the defamation action with the dissolution action, finding the matters "do not share 'the same transaction or series of transactions' warranting consolidation under Rule 4:38-1." The judge then dismissed the Abrahamsen defendants' third-party complaint against the Sekas defendants seeking indemnification. The judge noted the Abrahamsen defendants could seek indemnification from S&A in the dissolution action as that court had "appropriate venue" to decide the issue and was the forum where the "matter properly belongs." The judge instructed that the indemnification issue be determined in the dissolution action, and denied the motion without prejudice to allow the filing of the indemnification claim in the dissolution action. We discern no abuse of discretion in the judge's decision

19

directing the Abrahamsen defendants to pursue their claim for indemnification in the dissolution action rather than the defamation action.

We turn to the claim by the Abrahamsen defendants that the judge abused his discretion in denying various discovery requests in the defamation action. The Abrahamsen defendants did not appeal from the order dismissing the defamation action. When a party fails to appeal from the dismissal of an action, that party is barred from appealing any prior adverse discovery orders. Mac Auto Imports, Inc. v. Jaguar Cars, 244 N.J. Super. 254, 257 (App. Div. 1990). "Discovery is provided to prepare for trial. In light of plaintiff's dismissal of its complaint, there will be no trial. Thus, the discovery issues are moot." Ibid. As the claims against the Abrahamsen defendants were extinguished by the execution of a stipulation of dismissal, the Abrahamsen defendants have no reason to obtain discovery, and their appeal of any discovery orders is moot.[6]

Lastly, we address the argument that the judge's orders should be vacated based on his law clerk's subsequent employment with Sekas Law Group. "[A]ppellate courts will decline to consider questions or issues not properly

---

[6]  Because we decline to address the Abrahamsen defendants' appeal of discovery orders as moot, we similarly decline to address the Abrahamsen defendants' appeal of the judge's orders related to the issuance of protective orders and the quashing of subpoenas.

presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public importance." Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234 (1973) (internal citation omitted). The Abrahamsen defendants never raised the issue to the trial court despite the motion for reconsideration being heard several months after the law clerk began his employment with Sekas. Because the question does not relate to jurisdiction or constitute a matter of great public importance, we decline to reach this issue on appeal. Moreover, the judge who issued most of the orders in the defamation action did not issue any orders after February 2016. Therefore, there is no evidence in the record the judge was influenced by his law clerk's acceptance of a job with Sekas in or around April 2016.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1740-16T3