**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3410-23

B.F., a minor by his g/a/l
SUSAN V. FERREIRA,
and SUSAN V. FERREIRA
and RICARDO M. FERREIRA,
individually,

      Plaintiffs-Respondents,

v.

JACQUELINE SAITTA, M.D.,

      Defendant-Appellant,

and

RUBINO OB/GYN GROUP,

      Defendant.

_____

        Submitted October 8, 2025 – Decided October 28, 2025

        Before Judges Mayer and Jacobs.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2164-21.

Buckley Theroux Kline & Cooley, LLC, attorneys for appellant (Tess J. Kline and Sarah L. Kelley, on the briefs).

Law Office of Craig M. Rothenberg, attorneys for respondents (Craig M. Rothenberg, of counsel and on the brief).

PER CURIAM

Defendant Dr. Jacqueline Saitta (Dr. Saitta) appeals from a May 16, 2024 order denying her motion for summary judgment based on plaintiffs' failure to submit an expert report to prosecute their medical malpractice claims. Plaintiffs B.F., a minor, and his parents Susan V. Ferreira and Ricardo Ferreira (collectively, plaintiffs) filed opposition to Dr. Saitta's motion for summary judgment. Additionally, plaintiffs filed a cross-motion for voluntary dismissal of their medical malpractice complaint or, alternatively, an order extending discovery. The judge denied Dr. Saitta's summary judgment motion and granted plaintiffs' cross-motion for dismissal of the complaint without prejudice. We vacate the May 16, 2024 orders and remand for the trial court to set forth a statement of reasons addressing the arguments raised in Dr. Saitta's summary judgment motion and plaintiffs' cross-motion for voluntary dismissal of their complaint.

In August 2010, B.F.'s mother received pregnancy-related care from Dr. Saitta, an obstetrician affiliated with defendant Rubino OB/GNY Group (Rubino Group). On May 7, 2011, B.F.'s mother went to the hospital in severe pain and was diagnosed with a serious pregnancy complication. The next day, doctors delivered B.F. via an emergency caesarean section. On May 11, B.F. suffered a major brain bleed and was later diagnosed with cerebral palsy.

In October 2011, B.F.'s parents requested a complete copy of medical records from Rubino Group. Upon receipt of the medical records, they noticed documents related to prenatal care visits were missing.

Thereafter, plaintiffs retained counsel. In December 2011, plaintiffs' attorney renewed the request for complete medical records. A month later, the Rubino Group submitted the medical records.

On June 19, 2012, plaintiffs filed a verified complaint seeking to: (1) compel defendants to immediately produce the complete medical records; (2) waive the requirement that plaintiffs file an affidavit of merit due to defendants' failure to provide medical records; and (3) require defendants pay attorney's fees. Six months later, plaintiffs voluntarily dismissed that complaint without prejudice.

A-3410-23

In December 2018, plaintiffs' counsel again requested defendants provide all medical records and a "complete audit trail" of all electronic records. Plaintiffs' counsel renewed the request in April and July 2019. In January 2020, plaintiffs filed a pre-suit motion to compel discovery, which the judge granted in March 2020.

In September 2020, plaintiffs moved to compel defendants' compliance with the March 2020 discovery order. The judge granted plaintiffs' motion and ordered defendants to provide the requested discovery within one month. The judge stated that if defendants failed to provide the court-ordered discovery, plaintiffs could file a complaint without an Affidavit of Merit (AOM).

In March 2021, plaintiffs filed a complaint against defendants alleging medical malpractice and spoliation of evidence. In June 2021, the parties consented to waiving the AOM requirement. Between 2021 and 2023, the judge extended discovery five times. During the discovery period, plaintiffs failed to depose Dr. Saitta or anyone from Rubino Group. Plaintiffs also failed to serve expert reports before the October 30, 2023 deadline. The discovery end date, as extended, was February 27, 2024.

On November 1, 2023, Dr. Saitta moved for summary judgment based on plaintiffs' failure to provide expert testimony supporting their medical

malpractice claims. Rubino Group also moved for summary judgment on the same basis. In response, plaintiffs cross-moved to dismiss the complaint without prejudice, or alternatively, extend discovery for 120 days.

The judge heard argument on the motions on May 16, 2024. Dr. Saitta's counsel argued summary judgment was appropriate because plaintiffs failed to submit any expert report. He asserted a dismissal of plaintiffs' complaint without prejudice "would be highly prejudicial to Dr. Saitta . . . because [the doctor] . . . devoted time, money, expense to her defense in this case and . . . she doesn't even know the allegations against her." Additionally, Dr. Saitta's counsel stated a dismissal without prejudice "would also be a moot point because the statute of limitations has now run. . . . [B.F.'s thirteenth] birthday was [in May 2023.]"

For reasons not explained in the record, plaintiffs' counsel withdrew the request for an extension of discovery, stating "[w]e are not seeking to extend the litigation. The only thing we're asking the [c]ourt is that the dismissal . . . be entered . . . without prejudice." Plaintiffs' counsel argued it would not be appropriate, for the court to dismiss the case based on a discovery violation. Further, plaintiffs' counsel claimed a dismissal without prejudice was

appropriate because defendants sought to resolve the case on "something other than the merits."

When the judge asked plaintiffs' counsel whether the statute of limitations lapsed, counsel was noncommittal. However, plaintiffs' counsel told the court he did not believe a dismissal with prejudice would make "make any practical difference. . . . I don't think the case is going to be reinstated at any point. I don't think the case is going to be pursued at any point. I certainly have no intention of doing it."

After hearing counsel's arguments and reviewing the written submissions, the judge denied defendants' summary judgment motions and granted plaintiffs' cross-motion to dismiss the complaint without prejudice. The judge stated:

> The [c]ourt finds that in the interest of justice, that the plaintiff[s'] cross-motion to dismiss the complaint without prejudice is granted. The defendants do not have any counterclaims against the plaintiff[s] which would be prejudiced by any dismissal. The statute of limitations having expired, any effort by plaintiff[s] to refile or recommence the action without any kind of resurrecting authority would be denied on the grounds of the statute of limitations defense.
>
> Since . . . both motions for summary judgment[] seek dismissal with prejudice, but were solely based upon the grounds of the failure to provide an expert report, as opposed to the actual merits of the claims themselves, the [c]ourt will deny those motions for summary judgment without prejudice.

6

Dr. Saitta moved for reconsideration, which the judge denied on June 20, 2024.

On appeal, Dr. Saitta argues the judge erred in denying her motion for summary judgment. Additionally, she contends the judge erred in granting plaintiffs' motion for a voluntary dismissal without prejudice.

We review the denial of a summary judgment motion de novo, "apply[ing] the same standard governing the trial court." Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014)). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Courts must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "The 'judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine

issue for trial.'" Ibid. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

"[W]hen the evidence 'is so one-sided that one party must prevail as a matter of law,' the trial court should not hesitate to grant summary judgment." Ibid. (quoting Anderson, 477 U.S. at 252). "[A] non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute." Id. at 529 (emphasis in original). Facts which are "immaterial or of an insubstantial nature, a mere scintilla, fanciful, frivolous, gauzy or merely suspicious," are insufficient to defeat a summary judgment motion. Ibid. (quoting Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954) (internal quotations omitted)).

Voluntary Dismissal

Rule 4:37-1(b) governs voluntary dismissals. The Rule provides "an action shall be dismissed at the plaintiff's instance only by leave of court and upon such terms and conditions as the court deems appropriate." Ibid. The decision to dismiss a complaint under Rule 4:37-1(b) is "within the court's sound discretion." Shulas v. Estabrook, 385 N.J. Super. 91, 97 (App. Div. 2006). A court abuses its discretion arises when a decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an

impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

We first consider Dr. Saitta's argument that the judge erred in denying her motion for summary judgment. When ruling on a summary judgment motion, the judge must articulate findings of fact and correlate them with conclusions of law in a written or oral opinion. See Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299-300 (App. Div. 2009). "Those findings and conclusions must then be measured against the standards [for granting summary judgment]." Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000) (citing Brill, 142 N.J. at 540). "[N]either the parties nor we are well-served by an opinion devoid of analysis or citation to even a single case." Ibid. "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). "In the absence of reasons, we are left to conjecture as to what the judge may have had in mind." Ibid. "We ordinarily remand to the trial court to make findings of fact if the trial court failed to do so." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (citing Barnett and Herenchak, Inc. v. State Dep't of Transp., 276 N.J. Super. 465, 473 (App. Div. 1994)).

A-3410-23

Here, the motion judge failed to analyze the merits of defendants' summary judgment motions under Rule 4:46-2(c). The judge denied defendants' motions because they "[sought] dismissal with prejudice . . . solely based upon the grounds of the failure to provide an expert report." The judge did not apply the standard governing motions for summary judgment under Rule 4:46-2(c). It appears the judge considered defendants' applications as motions to dismiss for failure to make discovery under Rule 4:23-5. Either the judge applied an incorrect legal standard in reviewing defendants' summary judgment motions or converted defendants' applications to motions to dismiss for failure to make discovery without providing any notice to defendants.

Moreover, to sustain a claim for professional malpractice, "a plaintiff must present expert testimony establishing (1) the applicable standard of care; (2) a deviation from that standard of care; and (3) that the deviation proximately caused the injury." Haviland v. Lourdes Med. Ctr. of Burlington Cnty., Inc., 250 N.J. 368, 384 (2022) (quoting Nicholas v. Mynster, 213 N.J. 463, 478 (2013)). "[A] jury generally lacks the 'requisite special knowledge, technical training and background to be able to determine the applicable standard of care without the assistance of an expert.'" Rosenberg v. Cahill, 99 N.J. 318, 325 (1985) (quoting Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1961)). Thus,

"[a]bsent competent expert proof of these three elements, the case is not sufficient for determination by the jury." Rosenberg v. Tavorath, 352 N.J. Super. 385, 399 (App. Div. 2002) (first citing Sanzari, 34 N.J. at 134-35; and then citing Parker v. Goldstein, 78 N.J. Super. 472, 484 (App. Div. 1963)). Here, the judge made no findings as to whether plaintiffs' failure to provide an expert report warranted summary judgment or, alternatively, whether defendants' deviation from the standard of care was readily apparent to an ordinary person such that expert testimony was not required. See Cahill, 99 N.J. at 325.

Nor did the judge address defendants' summary judgment motions regarding plaintiffs' fraudulent concealment claim. To establish fraudulent concealment, a plaintiff must show:

> (1) "defendant . . . had a legal obligation to disclose evidence in connection with an existing or pending litigation; (2) . . . the evidence was material to the litigation; (3) . . . plaintiff could not reasonably have obtained access to the evidence from another source; (4) . . . defendant intentionally withheld, altered or destroyed the evidence with purpose to disrupt the litigation; [and] (5) . . . plaintiff was damaged in the underlying action by having to rely on an evidential record that did not contain the evidence defendant concealed."
>
> [Rosenblit v. Zimmerman, 166 N.J. 391, 406-07 (2001).]

11

"[O]ur function is to determine whether there is adequate evidence to support the [order entered]." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). Without the judge having stated fact findings and legal conclusions, we are unable to determine whether the judge erred in denying defendants' motions.

We next address defendants' argument that the judge erred in granting plaintiffs' motion to voluntarily dismiss their complaint without prejudice. Dismissal under Rule 4:37-1(b) "serves to protect a defendant from being subjected to duplicate costs of litigation if forced to defend another action based on the same set of claims." A.T. v. Cohen, 231 N.J. 337, 352 (2017). "The evil aimed at by the rule 'is present in any instance in which a defendant is damaged by being dragged into court and put to expense with no chance whatever (if there is a dismissal without prejudice) of having the suit determined in his favor.'" Shulas, 385 N.J. Super. at 97 (quoting Union Carbide Corp. v. Litton Precision Prods., Inc., 94 N.J. Super. 315, 317 (Ch. Div. 1967)). "The obvious purport of our rule is to protect a litigant where a termination of the proceedings without prejudice will place him in the probable position of having to defend, at

additional expense, another action based upon similar charges at another time." Ibid. (quoting Union Carbide Corp., 94 N.J. Super. at 317).

Accordingly, a court analyzing a Rule 4:37-1(b) motion must consider: "(a) whether the matter should be dismissed without prejudice, (b) if so, whether terms should be imposed, and (c) if so, what terms will alleviate any prejudice to the defendant and prevent injury to the efficient administration of justice generated by the ensuing delay and duplication of effort." Burns v. Hoboken Rent Leveling & Stabilization Bd., 429 N.J. Super. 435, 445 (App. Div. 2013). (quoting Shulas, 385 N.J. Super. at 98). The court must investigate "the reasons why the order was sought as well as the actions or inactions of the parties that preceded its entry." Id. at 446 (quoting Shulas, 385 N.J. Super. at 101-02). "[A] proper exercise of discretion requires that the judge balance the interests of the parties, but the judge must take particular care to protect defendants from the cost or other prejudice resulting from the duplication of their previously expended efforts." Shulas, 385 N.J. Super. at 104.

The judge did not inquire why plaintiffs requested dismissal of their complaint without prejudice. Nor did the judge consider whether any conditions were needed to protect defendants in granting the voluntary dismissal of plaintiffs' complaint. The motion judge explained he granted the dismissal

A-3410-23

without prejudice because "defendants do not have any counterclaims against plaintiff[s] which would be prejudiced by any dismissal. The statute of limitations having expired, any effort by plaintiff[s] to refile or recommence the action without any kind of resurrecting authority would be denied on the grounds of the statute of limitations defense."

However, the judge's analysis fell short of the requirements under the court rule and applicable case law. The judge was required "to adequately explain, as required by R[ule] 1:7[-]4(a), why he permitted a voluntary dismissal . . . without imposing terms." Id. at 96. Even if the statute of limitation barred a possible refiling of plaintiffs' complaint as suggested by plaintiffs' counsel,[1] another attorney could refile the action and defendants would be forced to spend time and money to dismiss based on the statute of limitation. At a minimum, before granting a voluntary dismissal of plaintiffs' complaint without prejudice, the judge should have considered imposing measures to "protect defendants from the cost or other prejudice resulting from the duplication of their previously expended efforts," including plaintiffs' payment of defendants' counsel fees for potential duplicate legal work. Id. at 104.

---

[1] Although the judge acknowledged a new complaint might be time-barred, the issue was not before him in defendants' motions or plaintiffs' cross-motion.

A-3410-23

Having reviewed the record, we are constrained to vacate the May 16, 2024 orders denying defendants' motions for summary judgment and granting plaintiffs' motion for a voluntary dismissal of their complaint without prejudice. On remand, the judge should consider the merits of defendants' summary judgment motions and render detailed findings of fact and conclusions of law on those motions. If the judge denies defendants' motions on remand, the judge should address plaintiffs' cross-motion by providing detailed findings of fact and conclusions of law. If the judge grants plaintiffs' motion for voluntary dismissal without prejudice, the judge should consider imposing appropriate conditions to protect defendants from any resulting prejudice and unnecessary costs. We express no opinion on the outcome of the remand proceeding.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3410-23